946 A.2d 642

COMMONWEALTH of Pennsylvania, Respondent

v.

Eugene GREEN, Petitioner.

Supreme Court of Pennsylvania.

April 11, 2008.

## ORDER

PER CURIAM.

AND NOW, this 11th day of April 2008, the Petition for Review and Motion to Stay Trial Court Proceedings Pending Appeal are DENIED. Petitioner's Motion for Appointment of Counsel and Motion for Leave to File Response to Answer to Motion to Stay Trial Court Proceedings are also DENIED.

Justice SAYLOR files a dissenting statement which Justice TODD joins.

SAYLOR, Justice, dissenting.

The petitioner, a criminal defendant, challenges, among other things, a trial court's determination that his double jeopardy challenge is frivolous.[1] The background is as follows.

The Commonwealth charged petitioner with various offenses arising out of an alleged sexual assault of his eight-year-old stepdaughter. As the trial commenced, the district attorney requested that petitioner be precluded from introducing a statement that he had made to police unless he testified.

1. The present submission is captioned as a petition for allowance of appeal; however, under *Vaccone v. Syken*, 587 Pa. 380, 899 A.2d 1103, 1105 n. 1 (2006), it is properly treated as a petition for review.

The trial court granted the motion. *See* N.T., April 1, 2008, at 22 (reflecting the trial court's ruling that the "defense cannot introduce [petitioner's statement] unless the defendant takes the stand").

Trial proceeded, and, according to the trial court, petitioner's counsel violated the preclusive order in his cross-examination of a police officer. The relevant interchange proceeded as follows:

Q. And you interviewed [petitioner], correct[?]

A. Yes.

Q. You advised him of his rights, and he consented to give you a statement; isn't that correct?

A. No, sir.

Q. Is that not correct?

A. No, sir.

*Id.* at 21.

At this point, the Commonwealth lodged an objection, and a sidebar conference ensued, at which the trial judge expressed her substantial dissatisfaction with counsel's mentioning of petitioner's statement. The judge admonished counsel at length and indicated that she felt constrained to award a mistrial on account of prejudice inuring to the Commonwealth. Judging from the portion of the record attached to the petition, the district attorney does not appear to have taken a position concerning the mistrial, albeit that she did indicate that she did not favor a curative instruction.

Retrial was initially scheduled for April 3; however, petitioner filed a motion to dismiss on double jeopardy grounds, as well as a motion to stay the proceedings pending an appeal. Initially, the trial court denied the motions verbally, indicating that they were frivolous. Petitioner filed a notice of appeal and stay motion with the Superior Court, and the trial court subsequently issued a written order including its finding of frivolousness. Additionally, according to the Prothonotary, trial has been rescheduled to commence April 14.

Before the Superior Court, the Commonwealth argued that, in light of the finding of frivolousness, the appellate court lacked jurisdiction to entertain the appeal or issue a stay. *See Commonwealth v. Gains,* 383 Pa.Super. 208, 556 A.2d 870 (1989). The Superior Court accepted the Commonwealth's position, quashed the appeal, and denied the stay.

Petitioner then filed the present petition for review and motion for stay, as well as a petition for a writ of prohibition. Among his contentions, he argues that he is entitled to appellate review of the trial court's determination of frivolousness.[2]

I agree with petitioner's position in this regard. *See Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286, 291 & n. 4 (1986) (explaining that "a defendant may challenge the finding of frivolousness in the context of a request for a stay from an appellate court," and "this procedure provides at least preliminary review by an appellate judge of the finding of frivolousness prior to a retrial."). The Superior Court's order, however, suggests that it may have relied solely on the fact that there was a finding of frivolousness to support the dismissal of the appeal. In this regard, the intermediate appellate court's order merely references the trial court's finding of frivolity, but contains no suggestion of any appellate evaluation. *See Commonwealth v. Green,* 851 EDA 2008 n. 1 (Pa.Super.Apr.4, 2008) (*per curiam* ) ("The trial court ... provided this Court with a written finding that the double jeopardy motion is frivolous and without arguable merit, and this finding is recorded on the trial docket.").

On the merits, moreover, there appear to me to be colorable grounds supporting petitioner's argument that his double-jeopardy claim is at least non-frivolous. In my view, the trial transcript suggests that the trial judge overreacted to counsel's question concerning a statement by petitioner, particularly since the police-officer witness denied that such statement was given.[3] To the degree that a curative instruction was

---

2. The Commonwealth has responded to various of the collateral pleadings, but it submitted a letter indicating that it is not filing a response to the petition for review.

3. It appears that the officer may have been couching his reply in terms of the timing of the statement, *see* N.T., April 1, 2008, at 29–30

even implicated under the circumstances, our case law accepts the effectiveness of such instructions in a wide range of circumstances carrying far greater potential for prejudice than those presented here. Moreover, petitioner's counsel repeatedly assured the trial judge that his client intended to testify, *See* N.T., April 1, 2008, at 25, 28 ("Well, Your Honor, he is going to be testifying, and, you know, that has been clear between us from the beginning."), and, therefore, under the terms of the court's order, petitioner's statement could have been admitted in any event. Thus, at a minimum, the trial court could have simply precluded any further reference to the statement pending the defense case and deferred her ruling concerning a mistrial until after such presentation.

Notably, the determination whether a new trial may proceed after the declaration of a mistrial, absent the defendant's request or consent, turns on whether there was a manifest necessity for the mistrial, or the ends of justice otherwise would have been defeated. *Commonwealth v. Diehl,* 532 Pa. 214, 615 A.2d 690, 691 (1992). This Court has explained:

> The determination by a trial court to declare a mistrial after jeopardy has attached is not one to be lightly undertaken, since the defendant has a substantial interest in having his fate determined by the jury first impaneled. Additionally, failure to consider if there are less drastic alternatives to a mistrial creates doubt about the propriety of the exercise of the trial judge's discretion and is grounds for barring retrial because it indicates that the court failed to properly consider the defendant's significant interest in whether or not to take the case from the jury. Finally, it is well established that any doubt relative to the existence of manifest necessity should be resolved in favor of the defendant.

*Id.* at 691 (citations omitted).

In *Brady,* 508 A.2d at 286, based upon defendants' substantial interests involved, this Court accepted the proposition that

(reflecting the district attorney's explanation that the statement to police ensued after petitioner failed to appear for a scheduled lie detector test), although he was not given an opportunity to explain his answer.

they are entitled to an immediate appeal following the denial of a motion to dismiss on double jeopardy grounds, at least in the absence of a written finding of frivolousness from the trial court. *See id.* at 290–91. Further, as previously noted, the Court indicated that "a defendant may challenge the finding of frivolousness in the context of a request for a stay from an appellate court," and "this procedure provides at least preliminary review by an appellate judge of the finding of frivolousness prior to a retrial." *Id.* at 291 & n. 4.

It may be that petitioner's double-jeopardy challenge will ultimately fail upon merits review either at this interlocutory stage or after a final judgment.[4] Certainly, any determination concerning the merits will require deeper study than is possible at present, in light of the impending trial. It seems to me, however, that, given the circumstances involved, petitioner is at least entitled to meaningful appellate review and a more specific pronouncement concerning whether his double jeopardy challenge is truly frivolous.

Because I cannot determine whether the Superior Court reviewed the trial court's determination of frivolity, and such finding appears to me to be questionable, I would require that the Superior Court prepare an opinion explaining its ruling. To the degree that the court decided the matter without any evaluation of the merits of the trial court's assessment, I believe that it erred, and I would require it to undertake the necessary inquiry. Finally, I would grant the stay of petition-

4. In *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978), the United States Supreme Court indicated that a trial judge's decision to declare a mistrial based on her assessment of the prejudicial impact of improper argument by the defense is entitled to great deference. *See id.* at 514. *Washington,* however, arose in the context of potential juror bias, where the defense attorney improperly described prosecutorial misconduct from a prior trial in his opening statement. *See id.* at 499, 98 S.Ct. 824. Thus, it appears distinguishable from the present one, where defense counsel merely made an interrogatory concerning whether the defendant gave a statement, which was answered in the negative. Moreover, in *Washington,* the Supreme Court highlighted that the deference rule "does not, of course, end the inquiry," as the reviewing court has an obligation to satisfy itself that the trial judge exercised sound discretion and did not act precipitously. *Id.* at 514, 98 S.Ct. 824.

er's trial pending this Court's review of the opinion of the intermediate appellate court and appoint counsel to represent petitioner in the proceedings before this Court.

Justice TODD joins this dissenting statement.