J-A16030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID HAROLD WYMARD, | |
| Appellant | No. 1297 WDA 2015 |

Appeal from the Order Entered July 21, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000845-2011

BEFORE:  SHOGAN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 07, 2016**

Appellant, David Harold Wymard, appeals from the order entered on July 21, 2015, denying Appellant's motion to dismiss various narcotics and firearms charges against him based upon double jeopardy.  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  In 2010, the Commonwealth charged Appellant with possession of a controlled substance with the intent to deliver, possession of a controlled substance by a person not authorized, possession of drug paraphernalia, and persons not to possess a firearm.[1]  At the preliminary hearing, the arresting

---

[1]  35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S.A. § 6105, respectively.

*Retired Senior Judge assigned to the Superior Court.

officer testified that in response to asking Appellant if there was anything Appellant wanted to say about drugs and ammunition found during a search of Appellant's home, Appellant told the officer there was a firearm above his refrigerator and said, "last time I got busted I didn't fess up." On November 3, 2014, the trial court commenced a jury trial. Prior to trial, the parties agreed that eliciting testimony regarding the above statement would be prejudicial to Appellant, because it suggested Appellant was involved in prior criminal behavior. At trial, the officer testified and repeated the statement at which time Appellant moved for a mistrial. The trial court granted the motion.

On April 30, 2015, Appellant filed a motion to dismiss the charges based upon double jeopardy, arguing that the prosecutor's intentional misconduct provoked Appellant into moving for a mistrial. Following a hearing, the trial court denied relief on July 21, 2015 and this timely appeal resulted.

Before addressing the merits of Appellant's claim on appeal, a brief recitation of the ensuing procedural history is necessary. We note that at the hearing on Appellant's motion to dismiss, the trial court failed to follow the dictates of Pa.R.Crim.P. 587(B), established in 2013, which governs pretrial double jeopardy motions and provides, in pertinent part:

> \* \* \*
> (3) At the conclusion of the [double jeopardy] hearing, the judge shall enter on the record a statement of findings of

- 2 -

fact and conclusions of law and shall issue an order granting or denying the motion.

(4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.

(5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B).

Here, at the time of its ruling, the trial court made no record finding as to the frivolousness of Appellant's motion to dismiss. Instead, at the conclusion of the hearing on Appellant's motion to dismiss, the following exchange occurred:

The [c]ourt: The prosecuting officer while testifying made a prejudicial statement which caused a mistrial. Said statement was not a basis for prosecutorial misconduct to warrant the invocation of double jeopardy. The prosecuting attorney did not intend to provoke the defendant into moving for a mistrial nor was a question asked intentionally undertaken by the prosecutor in bad faith to prejudice the defendant and deny him a fair trial. The error was rectified by the granting of a mistrial, and therefore, the Motion is DENIED.

[The Commonwealth]: Thank you, Your Honor.

[Defense counsel]: According to the Rules, is the [c]ourt in determining that the motion – is that it was frivolous?

- 3 -

> The [c]ourt:     My Order stands as it stands.
>
> *          *          *
>
> [Defense counsel]:     Can you provide my client with his appellate rights regarding the motion for double jeopardy?
>
> The [c]ourt:     You may do that.
>
> [Defense counsel]:     Okay.  Thank you, Your Honor.  Thank you for your time.

N.T., 7/21/2015, at 63-64.

Rule 587 requires a specific, on-the-record finding as to frivolousness. Here, the trial court did not do so.  Instead, in its written order denying relief (filed later on the same day as the hearing), the trial court subsequently concluded, "it is the finding of this [c]ourt that the claim of [Appellant] was frivolous in the [m]otion to [d]ismiss."  Order, 7/21/2015, at 1.

Rule 587 also requires an on-the-record explanation of the appeal process, because Appellant must either file an appellate petition for review pursuant to Pa.R.A.P. 1573 (which governs frivolous motions to dismiss) or an appeal under Pa.R.A.P. 313 (which governs collateral orders).  Here, after failing to make a contemporaneous record determination as to frivolousness, the trial court compounded its error by failing to advise Appellant of his appellate rights pursuant to Pa.R.Crim.P. 587(B)(5) and (B)(6).

Appellant filed a timely notice of appeal on August 2, 2015.[2]  On August 20, 2015, Appellant subsequently filed a petition for permission to appeal with the trial court.  In his petition for permission to appeal, Appellant requested that the trial court certify that its order of July 21, 2015 involved a controlling question of law with a substantial difference of opinion that may be resolved by an immediate appeal.  On August 21, 2015, the trial court entered an order denying relief and stating that Appellant "improperly filed a [n]otice of [a]ppeal without the permission of [the trial court] to file an appeal, [therefore, the trial court] is now without jurisdiction to consider the instant [p]etition for [p]ermission to [a]ppeal."  Order of Court, 8/21/2015, at 1.  On the same day, the trial court also filed an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant complied timely on September 11, 2015.  On October 7, 2015, the trial court entered a statement in lieu of an opinion pursuant to Pa.R.A.P. 1925(a).  The trial court relied upon its previous order dated July 21, 2015 finding no prosecutorial misconduct and determining Appellant's motion to dismiss was frivolous.  Appellant filed an advocate's brief with this Court.

Generally, criminal defendants have a right to appeal a trial court's pre-trial double jeopardy determination, even though the ruling is technically

---

[2] According to the docket, Appellant received a copy of the written order with the frivolousness determination before filing his notice of appeal.

interlocutory. ***Commonwealth v. Orie***, 22 A.3d 1021 (Pa. 2011) (*per curiam*) (citation omitted). "[P]retrial orders denying double jeopardy claims are final orders for purposes of appeal." ***Orie***, 22 A.3d at 1024. If a court finds a double jeopardy claim frivolous, a petitioner may then seek review in the Superior Court by filing a petition for review under Pa.R.A.P. 1501. ***Id.*** at 1027.

Here, the trial court did not find the claim frivolous until it entered its written order. Nevertheless, Appellant received the written order prior to taking the appeal. In the interest of justice, however, we believe the procedural missteps amounted to a breakdown of the court. Thus, we accept Appellant's appellate advocate's brief despite the trial court's failure to adhere to Rule 587 and Appellant's apparent confusion regarding the proper method of appeal, because we have jurisdiction to examine the merits of Appellant's claim. Moreover, we direct the trial court to Rule 587 for future compliance.

We now turn to the merits of Appellant's appeal. Appellant raises the following issue for our review:

> I.   Did the trial court err in failing to grant [] Appellant's motion to dismiss on the basis of double jeopardy due to prosecutorial misconduct which provoked [Appellant] to move for a mistrial and/or which was undertaken by the prosecutor in bad faith to prejudice [Appellant] and/or to deny him a fair trial?

Appellant's Brief at 4 (complete capitalization omitted).

- 6 -

Appellant claims the Commonwealth committed prosecutorial misconduct because it intentionally elicited a prejudicial statement at trial against Appellant. Corporal Frank Konek testified that, during a search of Appellant's residence, Appellant told him that there was a firearm above the refrigerator and then said, "last time I got busted I didn't fess up." *Id.* at 8. Corporal Konek testified in the same fashion at Appellant's preliminary hearing and during a hearing on Appellant's omnibus pretrial motion. Appellant avers, "such a statement at the time of trial [] clearly indicated to the jury that [Appellant] had been previously arrested and convicted and/or that he was busted for some other criminal behavior in the past." *Id.* Prior to trial, counsel for Appellant and the Commonwealth agreed that "such a statement would be prejudicial to Appellant and grounds for a mistrial[.]" *Id.* at 21. However, Appellant posits, at the hearing on his motion to dismiss, the prosecutor "admitted that he only talked in generalities to all of the intended individuals to be called as witness[es] as to what they were to avoid" and "did not bring the specific prior testimony to Trooper Konek[']s attention[.]" *Id.* at 25. Thus, Appellant contends Corporal Konek's statement resulted from "the deliberate actions and failures" by the Commonwealth that were "designed to provoke a mistrial and were undertaken in bad faith to prejudice or harass" Appellant, thereby denying him his right to a fair trial. *Id.* at 11. Appellant further maintains "that by the conclusion of the opening statements by both counsel, [the Commonwealth] realized that [its] effort to achieve a conviction was already

on a downward course with the jury appearing wholly unreceptive" to the Commonwealth's "case-in-chief." *Id.* at 24. Defense counsel also claims that after the trial court granted a mistrial, impaneled jurors approached him "indicating that they thought that [the] case being offered against [] Appellant was a stretch" and did not "warrant a conviction." *Id.*

We review Appellant's claim under the following, well-established standards:

> An appeal grounded in double jeopardy raises a question of constitutional law. This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*. To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:

>> Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

>        *       *       *

> The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article 1, § 10 of the Pennsylvania Constitution protect a defendant from repeated criminal prosecutions for the same offense. Ordinarily, the law permits retrial when the defendant successfully moves for mistrial. If, however, the prosecution engages in certain forms of intentional misconduct, the Double Jeopardy Clause bars retrial. Article I, § 10, which our Supreme Court has construed more broadly than its federal counterpart, bars retrial not only when prosecutorial misconduct is intended to provoke the

defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial. An error by a prosecutor does not deprive the defendant of a fair trial. However, where the prosecutor's conduct changes from mere error to intentionally subverting the court process, then a fair trial is denied.

Thus under Pennsylvania jurisprudence, it is the intentionality behind the Commonwealth's subversion of the court process, not the prejudice caused to the defendant, that is inadequately remedied by appellate review or retrial. By and large, most forms of undue prejudice caused by inadvertent prosecutorial error or misconduct can be remedied in individual cases by retrial. Intentional prosecutorial misconduct, on the other hand, raises systematic concerns beyond a specific individual's right to a fair trial that are left unaddressed by retrial. As this Court has often repeated, a fair trial is not simply a lofty goal, it is a constitutional mandate and where that constitutional mandate is ignored by the Commonwealth, we cannot simply turn a blind eye and give the Commonwealth another opportunity.

[…O]ur first inquiry is whether the prosecutor engaged in misconduct at all. Prosecutorial misconduct occurs where the unavoidable effect of the prosecutor's actions is to prejudice the jury, forming in their minds fixed bias and hostility towards the accused so as to hinder an objective weighing of the evidence and impede the rendering of a true verdict. If prosecutorial misconduct occurred, we then discern whether that misconduct bars retrial.

***Commonwealth v. Graham***, 109 A.3d 733, 735–737 (Pa. Super. 2015)

(internal quotations, citations, and original brackets omitted).

Here, following the hearing on Appellant's motion to dismiss on double jeopardy grounds, the trial court determined:

The prosecuting officer while testifying made a prejudicial statement which caused a mistrial. Said statement was not the basis for prosecutorial misconduct to warrant the

invocation of double jeopardy. The prosecuting attorney did not intend to provoke [Appellant] into moving for a mistrial nor was a question asked intentionally undertaken by the prosecutor in bad faith to prejudice [Appellant] and deny him a fair trial. The error was rectified by the granting of a mistrial, and, therefore the [m]otion [to dismiss] is DENIED.

N.T., 7/21/2015, at 6.

Upon review, we agree. Corporal Konek first testified that he went to Appellant's residence to conduct a "knock and talk" with Appellant after receiving neighborhood complaints about drug trafficking from that location. N.T., 11/3/2014, at 80-89. Corporal Konek testified that Appellant consented to a search of his residence. *Id.* at 92. Police recovered marijuana, packaging supplies, scales, marijuana pipes, pills, and "some ammunition." *Id.* at 93-98. Corporal Konek stated the police issued warnings to Appellant pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966) and Appellant understood his rights. *Id.* at 98-99. Immediately thereafter, the following exchange occurred:

> [The Commonwealth]: Now, after [Appellant waived his *Miranda* rights,] did [Appellant] say anything else about the marijuana, pills or ammunition?
>
> [Corporal Konek]: Yes. We continued, again, to find more ammunition in the basement. I knew that he was a prohibited person and I asked him about the ammunition that we had found. I'm sorry, I asked if there were any guns in the house, and he said, yeah, above my fridge.
>
> I said, where? He said: It's above my fridge, last time I got busted I didn't fess up to it. And I walked upstairs ---

*Id.* at 99.

- 10 -

In reviewing the foregoing line of questioning, we do not believe the Commonwealth intended to provoke Appellant into moving for a mistrial or intentionally attempted to subvert the court process. The Commonwealth asked Corporal Konek an open-ended question about the search of Appellant's residence and Appellant's general response to police finding drugs and ammunition. Corporal Konek answered by testifying about the recovery of the firearm. However, the Commonwealth did not ask a specific question about the recovered firearm. We have previously determined that when the Commonwealth asks a witness an open-ended question or the witness' testimony is not responsive to the Commonwealth's line of questioning, there is no intentional misconduct. *See Graham*, 109 A.3d at 739 (the Commonwealth did not engage in prosecutorial misconduct when an aggravated indecent assault victim testified that she was afraid the defendant might assault her child or nephew when asked an open-ended question about why she waited to report the defendant). Likewise, here, Corporal Konek volunteered the information that led to the mistrial. Moreover, we note that Corporal Konek was the first witness called at trial. The line of questioning took place early at trial. Thus, there is simply no record evidence to support Appellant's suggestion that the jury was so unreceptive to the Commonwealth's presentation of the case that the Commonwealth intentionally engaged in misconduct to obtain a mistrial in order to prosecute Appellant again. Finally, we may not consider any discussions that defense counsel purportedly had with the impaneled jurors

that were dismissed, as there is no evidentiary support for those factual allegations in the certified record. "[W]e may not consider matters *de hors* the record." ***Commonwealth v. Greer***, 866 A.2d 433, 435 (Pa. Super. 2005). Accordingly, we conclude the Commonwealth did not engage in prosecutorial misconduct and Appellant was not entitled to relief based on double jeopardy. For all of the reasons above, Appellant's sole issue lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2016