J-S57035-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID DWAYNE BROOKS, | : | |
| | : | |
| Appellant | : | No. 91 WDA 2016 |

Appeal from the Order January 11, 2016
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0000979-2015

BEFORE:    FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J:        FILED: January 11, 2017

David Dwayne Brooks (Appellant) appeals from the January 11, 2016

order which denied his motion to dismiss based upon double jeopardy.  For

the reasons that follow, we quash this appeal.

This case returns to us following our decision to remand to the trial

court for compliance with Pa.R.Crim.P. 587(B)[1] and the issuance of a

---

[1] Pa.R.Crim.P. 587(B) governs double jeopardy motions.

> (1)    A motion to dismiss on double jeopardy grounds shall state
> specifically and with particularity the basis for the claim of
> double jeopardy and the facts that support the claim.
>
> (2)    A hearing on the motion shall be scheduled in accordance
> with Rule 577 (Procedures Following Filing of Motion). The
> hearing shall be conducted on the record in open court.
>
> (3)    At the conclusion of the hearing, the judge shall enter on
> the record a statement of findings of fact and conclusions

*Retired Senior Judge assigned to the Superior Court.

supplemental opinion.  ***Commonwealth v. Brooks***, 91 WDA 2016 (Pa. Super. 2016) (unpublished memorandum).  Pertinent to our disposition of the instant case, we remanded this case to the trial court because we were unable to determine, based on the court's failure to comply with Rule 587(B), whether we could exercise jurisdiction over this appeal.

> Generally, criminal defendants have a right to appeal a trial court's pre-trial double jeopardy determination under ***Commonwealth v. Bolden***, 472 Pa. 602, 373 A.2d 90 (1977) (plurality opinion) … Eight years later, in [***Commonwealth v. Brady***, 508 A.2d 289 (Pa. 2011) our Supreme Court] considered the question of whether a ***Bolden*** of-right appeal should be permitted to go forward when the trial court has concluded that the double jeopardy motion is frivolous.  The ***Brady*** Court held that where the trial court makes a written statement finding that the pre-trial double jeopardy challenge is frivolous, a ***Bolden***-style interlocutory appeal will not be permitted because it would only serve to delay prosecution. 508 A.2d at 291.

***Commonwealth v. Orie***, 22 A.3d 1021, 1024-25 (Pa. 2011).

---

> of law and shall issue an order granting or denying the motion.
>
> (4)  In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.
>
> (5)  If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.
>
> (6)  If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Following our September 7, 2016 decision, the trial court issued a supplemental opinion, informing this Court that, according to our directives, a hearing was held on October 24, 2016, where neither Appellant nor the Commonwealth presented any evidence. Trial Court's Supplemental Opinion, 11/1/2016, at 1. The trial court concluded that Appellant's motion was "frivolous and that it was interposed primarily to delay the retrial of the case." *Id.*

Given the trial court's finding on frivolousness, and consistent with our case law, we conclude that the trial court's order denying Appellant's double jeopardy motion is not an appealable order. As such, we must quash this appeal for lack of jurisdiction.

Appeal quashed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 1/11/2017