J-E04004-17

2020 PA Super 107

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EMILY JOY GROSS, | : | |
| | : | |
| Appellant | : | No. 375 EDA 2016 |

Appeal from the Order January 15, 2016
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000045-2010

BEFORE: GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J.,
SHOGAN, J., LAZARUS, J., OLSON, J., STABILE, J., and DUBOW, J.

DISSENTING OPINION BY DUBOW, J.: **FILED APRIL 29, 2020**

I respectfully dissent from the Majority's conclusion that the Superior Court cannot review the trial court's failure to follow the dictates of Pennsylvania Rule of Criminal Procedure 587 ("Rule 587"). Majority Op. at p. 20, n.1. The Majority Opinion dismisses the jurisdictional importance of Rule 587 by finding that it governs only the procedure in the **trial court** and "does not, however, govern or control appellate jurisdiction." Majority Op. at p. 20, n.1. The Majority concludes that since Appellant "neither preserved nor raised any issue regarding the trial court's method of resolving her claim," Appellant

has waived any challenge and this Court cannot address *sua sponte* the trial court's failure to make a determination of frivolousness. ***Id.***

The history leading up to the amendments to Rule 587 and the Appellate Rules of Procedure demonstrates that we must interpret Rule 587 in conjunction with the applicable Rules of Appellate Procedure. Rule 587 requires the trial court to make a factual finding of whether or not the motion to dismiss is frivolous and that finding determines whether we have jurisdiction pursuant to Pa.R.A.P. 313 or Pa.R.A.P. 1573. In other words, Rule 587 implicates our jurisdiction pursuant to the Rules of Appellate Procedure. Without the factual finding, we do not have jurisdiction. The current rules do not contemplate providing Superior Court with jurisdiction when the trial court fails to make the factual finding of whether or not the motion to dismiss is frivolous.

**Statutory Basis for Superior Court Jurisdiction**

It is helpful to start with the foundation for the jurisdiction of the Superior Court. The legislature provided that the Superior Court has "exclusive jurisdiction of all appeals **from final orders** of the court of common pleas. . . . " 42 Pa.C.S. 742 (emphasis added).  The legislature, however, did not limit the Superior Court's jurisdiction to final orders. It also authorized the Superior Court to hear appeals of certain interlocutory orders. 42 Pa.C.S. 702. In particular, the legislature authorized the Superior Court to hear interlocutory appeals authorized by law and those interlocutory appeals that the Superior

Court determines to involve "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter." *Id*.

More important, however, is that the legislature further extended this Court's jurisdiction to hear interlocutory appeals by authorizing the "governing authority" to "be responsible for a continuous review of the operation of section 702(b)(relating to interlocutory appeals by permission) and shall from time to time establish by general rule rights to appeal from such classes of interlocutory orders, if any, from which appeals are regularly permitted pursuant to section 702(b)." 42 Pa.C.S. § 5105. The legislature defines "governing authority" to include the Supreme Court. 42 Pa.C.S. § 102. Thus, the Supreme Court has the authority to promulgate rules regarding the right to appeal certain interlocutory orders and thus, determine the Superior Court's jurisdiction to hear those interlocutory appeals.

In fact, the Supreme Court has exercised such authority in promulgating Pa.R.A.P. 311, 312 and 313, Chapter 13 and Chapter 15, which define certain interlocutory appeals that an appellant may file as of right or by filing a petition for review.

**Cases Leading to Amendments of Pennsylvania Rules of Appellate Procedure and Pa.R.Crim.P. 587**

The Majority concludes that Rule 587 merely affects trial procedure and does not impact this Court's jurisdiction to hear this appeal. The history that

led to the amendments of Rule 587 and the Rules of Appellate Procedure belie this claim.

The Supreme Court first addressed the issue of whether a trial court's denial of a motion to dismiss on double jeopardy grounds was an interlocutory appeal in **Commonwealth v. Bolden,** 373 A.2d 90 (Pa. 1977), and **Commonwealth v. Haefner**, 373 A.2d 1094 (Pa. 1977) (*per curiam*). Read together, these cases held that a defendant had an automatic right to appeal the trial court's denial of a motion to dismiss on double jeopardy grounds.

However, in **Commonwealth v. Brady,** 510 A.2d 336 (Pa. 1986), the Supreme Court limited the type of motion to dismiss for which a defendant had an automatic right to appeal on an interlocutory basis. The Supreme Court held that where the trial court finds that the pre-trial double jeopardy challenge is frivolous, the defendant does not have an automatic right to appeal because the interlocutory appeal "will serve only to delay prosecution." *Id*. at 345. The Supreme Court noted that the appellate court could review the trial court's determination of frivolousness "in the context of a request for a stay from an appellate court." *Id.*

In **Commonwealth v. Orie,** 22 A.3d 1021 (Pa. 2011), the Supreme Court addressed the **Brady** "stay procedure" as the mechanism to ensure that the trial court correctly determined that the motion to dismiss was frivolous. The Supreme Court expressed its concerns that the "stay procedure" in "**Brady** did not specify precisely how this review would occur, or in which

court, and subsequent case law developments have confused matters further." *Id.* at 1024. As a result, the Supreme Court provided a broad outline for a new procedure and referred the issue to Criminal Rules Committee and Appellate Rules Committee to recommend a refinement to a new procedure:

> The threshold question raised by the instant Petition implicates the appropriate procedure for an appellate court to follow where a trial court has dismissed a defendant's pre-trial double jeopardy challenge as frivolous. **We take this opportunity to make clear to the bench and bar the appropriate framework for appellate review of such claims, subject to further refinement following a referral to the Criminal Procedural and Appellate Procedural Rules Committees.** We do so because this Court has not addressed this important issue since *Commonwealth v. Brady*, our review of the intervening case law reveals that confusion has arisen in this area, and the confusion makes it difficult to ascertain the review that was engaged in by the Superior Court below.

*Id.* (emphasis added).

In particular, the Supreme Court found that Chapter 15 of the Rules of Appellate Procedure is the "vehicle for implicating the jurisdiction of the appellate court" for reviewing the trial court's finding that the motion to dismiss is frivolous:

> We believe the most efficacious remedy is to employ the existing procedures of Chapter 15 of the Rules of Appellate Procedure and permit a petitioner seeking review of a trial court's finding of frivolousness to file a Petition for Review in the Superior Court, as Petitioner has done here. **The centerpiece of Chapter 15 is the use of the "petition for review" as the vehicle for implicating the jurisdiction of the appellate court. See Pa.R.A.P. 1511.** Significantly, under Pa.R.A.P. 1501, matters designated by general rule are appropriately channeled into Chapter 15. Here, we consider it a modest adaptation of *Brady* to

so designate the procedure invoking the review which it contemplated. Indeed, such approach dovetails with the review of orders refusing to certify interlocutory orders for immediate appeal, which are reviewed by the appellate courts under Chapter 15. See Pa.R.A.P. 1501(a)(4).

*Id.* at 1027 (emphasis added). Thus, the Supreme Court ordered Appellate Procedural Rules Committee and Criminal Procedural Rules Committee to refine the procedure for appeals from a trial court's denial of a motion to dismiss on double jeopardy grounds.

**Amendments to Rules of Criminal Procedure and Rules of Appellate Procedure**

In 2013, after receiving comments from the Appellate Procedural Rules Committee and the Criminal Procedural Rules Committee, the Supreme Court adopted amendments to Rule 587 and Pa.R.A.P. 1573 and the comment to Pa.R.A.P. 313. Read together, those rules create two options for an appeal when the trial court denies a motion to dismiss. If the trial court finds the motion to be frivolous, a defendant may appeal pursuant to Pa.R.A.P. 1573. If the trial court finds the motion to have merit, a defendant may appeal pursuant to Pa.R.A.P. 313. This procedure does not contemplate a situation where the trial court is silent on the issue of whether or not the motion is frivolous.

In particular, Rule 587 plainly and unambiguously requires the trial court to make an explicit determination about whether a defendant's motion to dismiss on double jeopardy grounds is frivolous. Rule 587(B)(4) provides that "[i]n the case in which the judge denies the motion [to dismiss on double

jeopardy grounds], **the findings of fact shall include a specific finding as to frivolousness.**" Pa.R.Crim.P. 587(B)(4) (emphasis added).  That finding is crucial in order to determine the defendant's appellate rights. If the "judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within thirty days of the order denying the motion." Pa.R.Crim.P. 587(B)(5). Conversely, if the trial court "denies the motion [to dismiss on double jeopardy grounds] but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order." Pa.R.Crim.P. 587(B)(6).

The Supreme Court simultaneously amended the Pennsylvania Rules of Appellate Procedure.  The Supreme Court amended Pa.R.A.P. 1573 to address the situation where the trial court finds the motion to be frivolous.  Pa.R.A.P. 1573 provides that appellate "**review of a frivolousness determination under Pennsylvania Rule of Criminal Procedure 587** shall be governed by this chapter and ancillary provisions of these rules, except as otherwise prescribed by this rule." Pa.R.A.P. 1573 (emphasis added).

Similarly, the Supreme Court amended the Comment to Pa.R.A.P. 313, which addresses collateral orders, to provide as an example of a collateral order those "orders denying pre-trial motions to dismiss based on double jeopardy **in which the court does not find the motion frivolous.**"

(emphasis added). The Comment compares a non-frivolous motion with one in which the trial court finds the motion to be frivolous when it opines that "if the trial court finds the motion frivolous, the defendant may secure review only by first filing a petition for review under Pa.R.A.P. 1573."

These amendments create the procedure for appealing a denial of a motion to dismiss. The crux of that procedure is the trial court's finding of whether or not the motion is frivolous and that finding is the predicate for our jurisdiction under Pa.R.A.P. 313 or Pa.R.A.P. 1573. Therefore, our jurisdiction is not implicated unless and until the trial court makes a determination about whether the appeal is frivolous or not frivolous.[1]

It should be noted that the Supreme Court did not amend the rules to provide for the situation where the trial court is silent on whether the appeal is frivolous. Rule 587 provides that the trial court **shall** make a determination of frivolous and then the other rules define our jurisdiction.

In this case, the trial court made no determination about whether the motion to dismiss was frivolous. Thus, there is no factual determination to

---

[1] Rule 587 is not unique in requiring the trial court to make a factual determination that affects a party's appellate rights and our jurisdiction. Pa.R.A.P. 341(c), which addresses whether a trial court order is a final order when the trial court's order only impacts some of the parties or claims, requires the trial court to make a determination about whether "an immediate appeal would facilitate a resolution of the entire case." Pa.R.A.P. 341(c). If the trial court makes that determination, a party has the right to file a petition for review with this Court. Pa.R.A.P. 341(c)(4).

implicate our jurisdiction pursuant to either Pa.R.A.P. 313 or Pa.R.A.P. 1573. Thus, we lack jurisdiction to review the merits of this appeal.

**Majority Opinion**

The Majority's conclusion that Rule 587 only affects trial procedure and does not implicate our jurisdiction ignores the unambiguous meaning of Rule 587 and Pa.R.A.P. 313 or Pa.R.A.P. 1573. As discussed above, Rule 587 requires the trial court to make a factual finding of whether or not the motion is frivolous and then the Rules of Appellate Procedure define our jurisdiction. To accept the Majority's conclusion means ignoring the plain meaning of these rules.

Furthermore, the impact of the Majority's conclusion is that the trial court's silence on the issue of whether the motion to dismiss is frivolous is equivalent to the trial court making a finding that the motion is not frivolous, *i.e.*, the motion has merit. As the analysis *supra* shows, our rules do not support that conclusion. The above rules contemplate two choices: an appeal in which the trial court finds the motion to dismiss to be frivolous and an appeal in which the trial court finds the motion to dismiss not to be frivolous. The rules do not contemplate a situation in which the trial court is silent on this issue.

Moreover, the cases upon which the Majority relies were decided before 2013 when the Supreme Court, pursuant to the directive in ***Commonwealth v. Orie***, worked with the Appellate Procedural Rules Committee and the

Criminal Procedural Rules Committee, to amend both sets of rules to create a mechanism for an appeal from the denial of a motion to dismiss as well as our jurisdiction to hear those appeals. Thus, those cases have limited precedential value.[2]

The Majority also relies upon the **proposed** Comment to Rule 313 that identifies collateral orders from which an appellant has the automatic right to appeal as those denying a motion to dismiss on the grounds of double jeopardy "if the trial court does not also make a finding that the motion to dismiss is frivolous."[3]  In other words, the proposed Comment addresses the situation in which the trial court follows the requirements of Rule 587 and **makes a finding** that the motion to dismiss has merit, *i.e.*, the trial court does not find that the motion is frivolous. The Majority, however, interprets this comment as providing that the trial court's **silence** on the issue of whether the appeal is frivolous means that the trial court determined that the motion to dismiss has merit and we have jurisdiction to review the merits of

---

[2]  The only case that has the same facts as this case, *i.e.*, where the trial court was silent on the issue of frivolousness, is **Commonwealth v. Gains**, 556 A.2d 870, 874 (Pa. Super. 1989). In that case, the Superior Court held that the trial court's silence meant that the appellant had the automatic right to appeal. The Supreme Court, however, promulgated Rule 587 in 2013, years *after* the decision in **Gains.**  Because Rule 587 requires the trial court to make a determination of whether the motion is frivolous, I believe Rule 587 supersedes the holding in **Gains.**

[3] I note that the existing Comment is identical to the proposed Comment, but I address the proposed Comment because that is the Comment upon which the Majority relies.

the denial as a collateral order. The Majority's interpretation is inconsistent with the clear and unambiguous language of Rule 587 that requires the trial court to make a determination and does not permit silence on the issue.

In conclusion, the trial court's silence on whether this appeal is frivolous or not is not mere "trial error." It is a jurisdictional defect and until the trial court makes that determination pursuant to Rule 587, our jurisdiction pursuant to Pa.R.A.P. 313 or Pa.R.A.P. 1573 is not implicated and we cannot review this appeal.

**Conclusion**

In conclusion, I would find that we must read Rule 587 in conjunction with Pa.R.A.P. 313 and 1573 and such interpretation implicates the jurisdiction of the Superior Court. Therefore, we must address *sua sponte* the trial court's failure to determine whether the Motion to Dismiss was frivolous. Since the trial court failed to do so, I would remand the case to determine, pursuant to Rule 587, whether this appeal is frivolous or not frivolous.

Judge Shogan and Judge Stabile join this dissenting opinion.