899 A.2d 1103

Joseph VACCONE and Rose Vaccone, h/w, Appellants

v.

Marc J. SYKEN, Esquire, Appellee

v.

Frank D. Branella, Esquire, Appellant.

Supreme Court of Pennsylvania.

Argued April 3, 2006.

Decided June 19, 2006.

Frank D. Branella, Philadelphia, for appellants Joseph and Rose Vaccone.

Frank D. Branella, for appellant Frank D. Branella.

Ronald Frederick Brien, Jr., Spring City, Gavin P. Lentz, Michael H. Malin, Jr., James W. Christie, III, Philadelphia, for appellee Marc J. Syken.

Before: CAPPY, C.J., CASTILLE, NEWMAN, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## *OPINION*

Justice BALDWIN.

This Appeal presents the question of whether an order disqualifying trial counsel in a civil case is an interlocutory order, which is not immediately appealable. Appellants Joseph and Rose Vaccone contend that the trial court erred in disqualifying their counsel, Frank D. Branella, from representing them in their action against Appellee Marc J. Syken. The Superior Court quashed their appeal of this order, ruling that the order disqualifying counsel is interlocutory, and is not an appealable collateral order under Pennsylvania Rule of Appellate Procedure ("Pa.R.A.P.") 313. We agree, and, as discussed below, we hold that a trial court order disqualifying counsel in a civil case is interlocutory and is not immediately appealable.

Appellant Joseph Vaccone ("Vaccone") was a construction contractor, working in a house in South Philadelphia on July 24, 2000, when the house collapsed. Two people were killed in the accident, and Vaccone and another person were injured. Vaccone and his wife Rose brought suit against Mark Leuzzi & Sons Contractors ("Leuzzi") for Vaccone's injuries, claiming that workers for Leuzzi undermined the foundation of the house while working in the basement. The other victims of the collapse filed actions against Vaccone and his company, Vaccone General Contractors. The Vaccones, as plaintiffs against Leuzzi, were represented by Attorney Frank Branella ("Branella"), who employed Attorney Marc Syken ("Syken") as an associate. Branella assigned Syken to work on the case, and Syken became involved in settlement negotiations with Zurich Insurance Company ("Zurich"), which insured both Leuzzi and Vaccone's company. Zurich was represented by the law firm of Bodell, Bove, Grace & Van Horn.

Attorneys Syken and Branella settled the case with Zurich on behalf of the Vaccones for $35,000. Overall, Zurich paid

out a $1.8 million settlement to all of the victims of the accident on behalf of both of its insured companies—Leuzzi and Vaccone General Contractors.[1]

Subsequent to the settlement, Syken became employed with the firm of Bodell, Bove, Grace & Van Horn, which had represented Zurich during the time that Syken was representing the Vaccones as plaintiffs and negotiating with Zurich to settle the case. The Vaccones then filed this suit against Syken, alleging that he had defrauded them in persuading them to settle with Zurich by undervaluing their personal injury claim. The reason for the fraud, claim the Vaccones, was that Syken settled their case at a low value in order to obtain employment with the Bodell firm, which represented the insurer Zurich.

Branella represented the Vaccones in their suit against Syken in the Court of Common Pleas. Syken filed a third-party complaint against Branella, alleging that any liability for a fraudulent settlement would be Branella's, as he acted both as counsel of record for the Vaccones in negotiating and accepting the settlement, and as Syken's employer. Branella then filed a counterclaim against Syken, alleging that Branella relied upon Syken in negotiating and accepting the settlement amount for the Vaccone's damages.

In the Court of Common Pleas, Syken filed a Motion to Disqualify Branella as counsel for the Vaccones, claiming that Branella would be a witness in the action, and that his representation was a conflict of interest. The trial court (New, J.) agreed, and granted the Motion to Disqualify on the grounds that Attorney Branella would be a witness in the case of *Vaccone v. Syken.* The Superior Court, *per curiam,* quashed the appeal as interlocutory. We granted the Petition

1. Although the materials before us do not include complete information on the verdicts in the medical malpractice case, appellants state that the other injured defendant received a settlement amount of $105,000; the estate of one the two people who were killed received $1,104,000, so that the estate of the other victim would have received approximately $550,000.

for Allowance of Appeal, filed by the Vaccones and Branella, which we treated as a Petition for Review.[2] We affirm.

To be immediately appealable, a trial court order must be either a final order under Pennsylvania Rule of Appellate Procedure ("Pa.R.A.P.") 341, or a collateral order under Pa.R.A.P. 313.[3] There is no claim here that the order disqualifying counsel is a final order,[4] thus we must determine whether it is a collateral order. The collateral order doctrine allows for immediate appeal of an order which: (1) is separable from and collateral to the main cause of action; (2) concerns a right too important to be denied review; and (3) presents a claim that will be irreparably lost if review is postponed until final judgment in the case. *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978); *see also* Pa.R.A.P. 313. As an exception to the rule of finality, the doctrine is to be interpreted narrowly, and "each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." *Melvin v. Doe*, 575 Pa. 264, 272, 836 A.2d 42, 47 (2003).

We have held that an order removing counsel in a criminal case is interlocutory and not immediately appealable. *Commonwealth v. Johnson*, 550 Pa. 298, 305, 705 A.2d 830, 834 (1998). In *Johnson*, our decision highlighted the importance of avoiding piecemeal litigation, and we noted that refusing to hear an appeal immediately does not mean that a defendant loses his right to be heard on the issue. Rather, if the appellate court were to hold that the trial court improperly disqualified counsel, the remedy would be a new trial where the defendant would have his choice of counsel. This logic is equally applicable in civil cases.

2. As the appeal of the trial court's order was quashed by the Superior Court, this action is properly a Petition for Review under Pa.R.A.P. 1512, and not a Petition for Allowance of Appeal under Pa.R.A.P. 1112.

3. Of course, we recognize that some interlocutory appeals may be taken as of right (Pa. R.A.P. 311), or by permission (Pa.R.A.P.312), but there is no claim that this appeal falls within either of these rules.

4. A final order is one that ends the litigation or disposes of all claims and parties. *In the Interest of H.S.W.C.-B & S.E.C.-B*, 575 Pa. 473, 475, 836 A.2d 908, 909 (2003); *See also* Pa.R.A.P. 341(b).

In *Johnson*, we recognized that the United States Supreme Court's requirements for an appealable collateral order are "substantively similar to the requirements under Pennsylvania law," and that United States Supreme Court precedent is thus appropriate for us to consider in interpreting the collateral order doctrine. *Id.*, 550 Pa. at 302, 705 A.2d at 832, n. 2. We decided *Johnson* partly because we agreed with the reasoning of the United States Supreme Court in *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), that "disqualification orders do not satisfy the collateral order exception." *Johnson*, 550 Pa. at 305, 705 A.2d at 834.

Appellants do not cite *Johnson*, and instead rely on *Vertical Resources, Inc. v. Bramlett*, 837 A.2d 1193 (Pa.Super.Ct.2003). *Vertical Resources* was a creditor/debtor case, in which the debtor, an indigent single mother, was represented by an attorney who had agreed to represent her in a fee arrangement with a maximum limit of $5,000. A panel of the Superior Court decided that, under the unique facts of that case, the debtor's right to proceed would be irreparably lost if the disqualification order were not immediately reviewed because she could not afford other counsel. *Id.* at 1200. The panel concluded that the debtor's right to be represented by counsel was a right too important to be denied review, and thus appellant presented facts that met both the second and third prongs of the collateral order doctrine.[5] We decline Appellant's invitation to follow *Vertical Resources*, as we agree with the Superior Court panel that that case was decided based on its own particular facts, and does not warrant a wholesale application of the collateral order doctrine to attorney disqualification orders.

A more relevant approach would be that of the United States Supreme Court, which has extended to civil cases the rule that disqualification orders do not satisfy the collateral order exception. *Richardson–Merrell, Inc. v. Koller*, 472 U.S.

5. The panel also found that the first prong of the collateral order doctrine was satisfied, in that under the facts of that case the issues regarding disqualification were separate from the main action. *Vertical Resources*, 837 A.2d at 1199.

424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). In *Richardson–Merrell,* the Court reversed a Court of Appeals ruling that it had jurisdiction to entertain an appeal of an order disqualifying counsel. In an extensive analysis, Justice O'Connor, writing for the majority, determined it appropriate to extend the *Flanagan* holding to civil cases: "We hold that orders disqualifying counsel in civil cases, like orders disqualifying counsel in criminal cases and orders denying a motion to disqualify in civil cases, are not collateral orders subject to appeal as 'final judgments.'" *Richardson–Merrell,* 472 U.S. at 440, 105 S.Ct. at 2766.

We find the United States Supreme Court's reasoning in *Richardson–Merrell* persuasive, and we agree that orders disqualifying counsel in civil cases are not collateral orders subject to appeal. We adopt this rule because we believe that it has become necessary to remember the purpose of the finality rule, which is to avoid piecemeal litigation, and not to become swallowed up in its exceptions. Orders disqualifying counsel do not meet all three prongs of the collateral order doctrine. First, in many cases, orders disqualifying counsel will not be separable from the merits of the litigation, and that is particularly the case here where the order is based on the likelihood that the attorney, Branella, would be called to testify at trial. In such a case, the disqualification order is indeed inextricable from the merits of the case because it would be impossible to determine the impact that the attorney's testimony would have on the outcome of the case. Second, while appellants claim that disqualification of Branella would cause them hardship; this is not an important reason to deny review within the meaning of the collateral order doctrine. Appellants do not contend that they will be unable to find substitute counsel,[6] but simply that they will be inconven-

***

6. Appellants do express concern about an e-mail and a letter sent by the attorney for Syken, Gavin Lentz. The e-mail stated that Mr. Lentz "intends to sue any lawyer that enters his appearance in this frivolous case," and the letter says "I request that you notify any attorney that would consider entering as counsel and continuing this litigation, that he or she will be subject to a claim by us … for wrongful use of civil proceedings, including a claim for punitive damages and counsel fees."

ienced because Branella has been involved with this case from the beginning. As the Superior Court has noted in *Keefer v. Keefer*, 741 A.2d 808, 813 (Pa.Super.Ct.1999), "Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost." Finally, under the third prong of the collateral order doctrine, appellants will not irreparably lose their right of review of the disqualification order if appeal is delayed until after the litigation is completed. If on appeal the Superior Court determines that the motion to disqualify Branella was improperly granted, that Court will simply order a new trial and appellants can proceed with Branella as their attorney.

■ Appellants raise a second issue, requesting that we invoke our broad powers of extraordinary jurisdiction, under 42 Pa.C.S. § 726, which states:

Notwithstanding any other provision of law, the Supreme Court may, on its own motion or upon petition of any party, in any matter pending before any court or magisterial district judge of this Commonwealth involving an issue of immediate public importance, assume plenary jurisdiction of such matter at any stage thereof and enter a final order or otherwise cause right and justice to be done.

We have held that "our extraordinary jurisdiction should be invoked sparingly," and only in cases involving an issue of immediate public importance, and where the record clearly demonstrates petitioner's right to relief. *Washington County Com'rs v. Pennsylvania Labor Relations Bd.*, 490 Pa. 526, 533, 417 A.2d 164, 167 (1980). Here, Appellants have not given us any reason to believe that the circumstances of Attorney Branella's disqualification are extreme or unusual, or

Exhibits H; J. While it is quite understandable that appellants would be disturbed by these threatening communications, we must presume that *Appellants* do not believe that they have undertaken a frivolous lawsuit, and, therefore, they will be able to find counsel that will carry on and represent them even if the trial court order disqualifying Branella is ultimately upheld. Such a threat cannot be a reason to refuse to disqualify counsel, or a reason to find that the trial court order is immediately appealable.

388

are of public importance, such that the general rule that we espouse here today should not apply.

Based on the above discussion, we find that a trial court order disqualifying counsel in a civil case is an interlocutory order. Accordingly, we affirm the Superior Court Order quashing the appeal as interlocutory.

Chief Justice CAPPY, Justice CASTILLE, Justice NEWMAN, and Justices SAYLOR, EAKIN, and BAER join in this opinion.