J-S61015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL SMITH | |
| Appellant | No. 541 MDA 2015 |

Appeal from the Order February 24, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003745-2014

BEFORE: PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 20, 2015**

Appellant, Paul Smith, appeals from the order entered February 24, 2015, in the Court of Common Pleas of Berks County, which denied Smith's Motion to Amend Itemized Accounts of Fines, Fees, Costs and Restitution. We quash.

After Appellant's arrest for driving under the influence (DUI) and related offenses, Appellant refused to participate in chemical or breath testing to measure blood alcohol content. Appellant was later charged with DUI, criminal mischief, and disorderly conduct. Thereafter, the trial court accepted Appellant in the Accelerated Rehabilitation Disposition (ARD) program. Pursuant to his acceptance in the ARD program Appellant received

_____

[*] Retired Senior Judge assigned to the Superior Court.

an "Itemized Account of Fines, Costs, Fees and Restitution" that included a $125.00 fee for a DUI Blood Test. Appellant filed a motion seeking to remove the DUI blood test fee as no blood alcohol content testing was performed due to his refusal both at the scene of his arrest and at the hospital. The trial court denied Appellant's motion following a hearing. This appeal followed.

Appellant concedes that the decision being appealed is not a final order. **See** Appellant's Statement on the Right to Appeal – Collateral Order, filed 4/22/15. **See also** Pa.R.A.P. 341. Appellant argues that it, instead, meets the criteria necessary to be deemed a collateral order. The Pennsylvania Rules of Appellate Procedure permit appeals as a matter of right from collateral orders. **See** Pa.R.A.P. 313(a).

For the order to be considered collateral, it must satisfy all of the following: (1) the order must be separable from the main cause of action; (2) it must involve rights too important to be denied review; and (3) the claim will be irreparably lost if review is postponed until a final judgment. **See** Pa.R.A.P. 313(b); **Vaccone v. Syken**, 899 A.2d 1103, 1106 (Pa. 2006). "As an exception to the rule of finality, the doctrine is to be interpreted narrowly, and each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." **Id**. (citation and internal quotation marks omitted).

For a claim arising from a non-final order to be "separable and collateral, the nature of the issue reviewed must be such that it can be

addressed without the need to analyze the central issue of the case." ***Slusaw v. Hoffman***, 861 A.2d 269, 272 (Pa. Super. 2004) (citation omitted). An order is not separable if the matter under review has the potential to resolve an issue in the case. ***See Beltran v. Piersody***, 748 A.2d 715, 718 (Pa. Super. 2000).

Appellant's objection to the DUI blood testing fee does not implicate the central issue of the case—whether or not he committed the crimes with which he was charged. Therefore, the order fulfills the first requirement for a collateral order.

A claim satisfies the second prong only if the right claimed is important beyond the present case. ***See Jacksonian v. Temple University Health System Foundation***, 862 A.2d 1275, 1280 (Pa. Super. 2004). Appellant claims that the lawfulness of this fee pertains not only to him but also to everyone charged with DUI in Berks County who refuses a blood test. Although it is highly questionable that the imposition of a $125 fee on an individual defendant meets the importance requirement of a collateral order, even assuming, *arguendo*, that it does so, Appellant cannot meet the final requirement of a collateral order.

Appellant fails to establish that his claim would be irreparably lost if review is postponed. Appellant concedes in his Statement on the Right to Appeal – Collateral Order that if he fails to pay the fee for blood alcohol

testing, he could be removed from the ARD program and subjected to trial. If Appellant is acquitted, the issue would be rendered moot.[1] If he is convicted at trial, the issue could then be raised on appeal. Accordingly, Appellant would still be able to have his claim considered later.

Based on the foregoing, we conclude that the order fails to fulfill the requirements of a collateral order. Because the order denying Appellant's motion is not appealable, we are without jurisdiction to consider this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2015

---

[1] In his Reply Brief, Appellant purports to invoke an exception to the mootness doctrine as an exception to the collateral order doctrine. However, as Appellant's claim is not yet rendered moot, the mootness doctrine is inapplicable in this context.