J-A20041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PEGGY HOOKER, SUBSTITUTED ADMINISTRATRIX C.T.A. OF THE WILL OF EDWARD C. WAGNER | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| MARY B. WAGNER, A/K/A MARY B. SHAULIS, ROSE M. BLOUGH AND KENNETH E. BLOUGH, AND S&T BANK, | : : : : | |
| APPEAL OF: JANET S. WAGNER AND JAMES R. WAGNER, JR. | : : | No. 1720 WDA 2015 |

Appeal from the Order September 29, 2015
in the Court of Common Pleas of Westmoreland County,
Civil Division, No(s): 5606 of 2008

BEFORE: BOWES, STABILE and MUSMANNO, JJ.

JUDGMENT ORDER BY MUSMANNO, J.:          **FILED NOVEMBER 15, 2016**

Janet S. Wagner and James R. Wagner (hereinafter "Appellant/Intervenors") appeal from the Order (1) denying their Petition to intervene; and (2) disqualifying their counsel, Richard F. Flickinger, Esquire ("Flickinger"), from representation. We quash the appeal.

On September 29, 2015, the trial court entered an Order granting the Motion filed by Rose M. Blough and Kenneth E. Blough (hereinafter "Defendants") to disqualify Flickinger and dismiss the Petition to intervene that Flickinger had filed on behalf of Appellant/Intervenors. Appellant/Intervenors filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Appellant/Intervenors raise the following issues for our review:

1. Did the lower court err in disqualifying [Flickinger] from further representation of [Appellant/Intervenors] in determining how real estate should be distributed to heirs because [Flickinger] had previously represented [Defendants'] predecessor in title in the purchase of that real estate?

2. Is the disqualification of [Flickinger] a collateral issue from which an appeal may be taken as of right?

Brief for Appellant/Intervenors at 4 (issues renumbered for ease of disposition).

Initially, we must determine whether this appeal is properly before us. Appellant/Intervenors challenge the trial court's Order disqualifying Flickinger from representation.[1] An order disqualifying counsel is not an appealable order. *See Vaccone v. Syken*, 899 A.2d 1103, 1105 (Pa. 2005) (holding that an order disqualifying counsel in a civil case is an interlocutory order, which is not immediately appealable). Accordingly, this appeal is not properly before us. *See id*.

Appeal quashed.

---

[1] Appellant/Intervenors do not challenge the trial court's Order to the extent that it denied their Petition to intervene in the quiet title action.

J-A20041-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016