J-S25004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SUSAN L. TUCKER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JACQUELINE TUCKER, | |
| Appellee | No. 2049 EDA 2016 |

Appeal from the Order Entered June 24, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2015-25636

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 22, 2017**

Susan L. Tucker (Plaintiff) appeals from the June 24, 2016 order that granted Jacqueline Tucker's (Defendant) motion to strike the entry of appearance of John J. O'Brien, III, Esq., as counsel for Plaintiff.  The order also awarded sanctions against Attorney O'Brien in favor of Defendant for $1,000 and attorney's fees of $490.00.  We quash this appeal as interlocutory.

The trial court set forth the factual and procedural history of this case as follows:

> On September 23, 2015, Attorney John O'Brien III filed this lawsuit on behalf of Plaintiff, Susan Tucker, against her mother, Jacqueline Tucker.  Plaintiff seeks to recover for damages allegedly arising from a family business dispute.  On October 22, 2015, Defendant filed a Motion to Disqualify Attorney John O'Brien as counsel for Plaintiff.  This Motion was based upon Mr. O'Brien's representation of the Defendant, Jacqueline Tucker, in lawsuits in the Bahamas, in Florida and

Delaware County, Pennsylvania. Defendant Jacqueline Tucker argued that Mr. O'Brien's representation of Susan Tucker in a lawsuit she brought against Jacqueline Tucker, whom Mr. O'Brien represented in three lawsuits, was in violation of Rule 1.7 of the Professional Rules of Conduct. After briefing and argument, the Honorable Thomas Branca entered the Order dated February 23, 2016[,] disqualifying Mr. O'Brien from representing Plaintiff in the instant lawsuit. No appeal was taken from this Order. On April 21, 2016, Mr. O'Brien re-entered the case on behalf of Plaintiff, Susan Tucker, in this lawsuit, without court approval. On May 6, 2016, Defendant filed a Motion to Strike Mr. O'Brien's Entry of Appearance.

The Motion to Strike at issue in this appeal was filed on May 6, 2016. A Rule to Show Cause was issued requiring Susan Tucker to "show cause why the moving party is not entitled to the relief requested by filing an answer in the form of a written response at the Office of the Prothonotary on or before the 13th day of June, 2016." Defendant's counsel filed an Affidavit of Service certifying that the Rule to Show Cause was served on Plaintiff on May 17, 201[6]. No response was filed on or before the Rule Return date of June 13, 2016. Therefore, the undersigned as Civil Equity Signing Judge signed the Order granting the Motion in accordance with Montgomery County local rules of procedure, and entered the proposed Order attached to the Motion to Strike.

Plaintiff filed an untimely response to the Motion to Strike on June 15, 2016, after the rule return date. No Motion for Reconsideration of the Order granting the Motion to Strike was filed. Nor was any explanation given as to why a timely response was not made. Rather, Plaintiff filed a Notice of Appeal on July 1, 2016.

Trial Court Opinion (TCO), 8/25/16, at 1-3.

Upon receipt of Plaintiff's notice of appeal, this Court issued an order directing Plaintiff to show cause "as to the basis of this Court's jurisdiction over this matter." Superior Court Order (SCO), 8/31/16. Specifically, this Court's order stated:

> Pa.R.A.P. 341(b)(1) states: "A final order is any order that disposes of all claims and of all Parties." **See Vaccone v. Syken**, 899 A.2d 1103 (Pa. 2006) (orders disqualifying counsel are not collateral orders subject to appeal).
>
> Accordingly, appellant is directed to show cause as to the basis of this Court's jurisdiction over this matter. This statement is due within 10 days of the date of this order. Failure to respond to this Court's directives may result in the quashal/dismissal of this appeal without further notice.

*Id.* Although Plaintiff's answer was not filed until September 12, 2016, this Court did not quash or dismiss the appeal at that time.

In her brief, Plaintiff raises the following two issues for our review:

1. May an un-elected judge hear a case without approval of all the parties?

2. Must a judge hold a hearing when a fine is requested?

Plaintiff's brief at 3.

However, before we can even attempt to address Plaintiff's issues, we must first direct an inquiry into the problem addressed in the rule to show cause; namely, whether the order striking the entry of appearance of Attorney O'Brien is, or is not, a non-appealable interlocutory order. In **E.R. v. J.N.B.**, 129 A.3d 521 (Pa. Super. 2015), this Court discusses this issue, referencing **Vertical Resources, Inc. v. Bramlett**, 837 A.2d 1193 (Pa. Super. 2003), and **Vaccone v. Syken**, 899 A.2d 1103 (Pa. 2006), stating:

> Both **Vertical Resources** and **Vaccone** address the appealability of orders precluding counsel.
>
> > **Vertical Resources** was a creditor/debtor case, in which the debtor, an indigent single mother, was represented by an attorney who had agreed to

- 3 -

represent her in a fee arrangement with a maximum limit of $5,000. A panel of the Superior Court decided that, under the unique facts of that case, the debtor's right to proceed would be irreparably lost if the disqualification order were not immediately reviewed because she could not afford other counsel. The panel concluded that the debtor's right to be represented by counsel was a right too important to be denied review, and thus appellant presented facts that met both the second and third prongs of the collateral order doctrine.

*Vaccone*, 899 A.2d at 1106-07 (citations and footnote omitted). Finding the preclusion order was an appealable collateral order, the Court in *Vertical Resources* went on to address the appellant's claim regarding disqualification of counsel on the merits.

In *Vaccone*, our Supreme Court addressed "the question of whether an order disqualifying trial counsel in a civil case is an interlocutory order, which is not immediately appealable." *Vaccone*, 899 A.2d at 1105. The Court specifically declined to extend the holding in *Vertical Resources*, stating that it agreed with the Superior Court that *Vertical Resources* "was decided based on its own particular facts, and does not warrant a wholesale application of the collateral order doctrine to attorney disqualification orders." *Id.* at 1107. Accordingly, the *Vaccone* Court determined that disqualification orders are usually interlocutory and not immediately appealable. *See also Karch v. Karch*, 879 A.2d 1272 (Pa. Super. 2005) (quashing order disqualifying counsel from representing husband in ongoing custody and divorce case on basis that the order was interlocutory and, thus, not immediately appealable).

*E.R.*, 129 A.3d at 524-25. *See also Sutch v. Roxborough Memorial Hosp.*, 151 A.3d 241, 254 (Pa. Super. 2016) ("An order disqualifying counsel in a civil case is a non-appealable interlocutory order … and is not appealable under the collateral order doctrine.").

Plaintiff has not identified any reason why the issue of Attorney O'Brien's representation in these proceedings cannot be addressed after a final order is entered in this case. Therefore, pursuant to the case law cited above, we are compelled to quash Plaintiff's appeal as interlocutory and remand the matter for further proceedings.

Appeal quashed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2017