J. S36037/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LOUIS HENRY BRANCH, | : | No. 1947 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order, May 24, 2016,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0008466-2015

BEFORE: PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 15, 2017**

Louis Henry Branch appeals from the May 24, 2016 order entered in the Court of Common Pleas of Montgomery County that denied his petition for writ of **_habeas corpus_**. We quash.

The record reflects that appellant was charged with 10 counts of rape of a child less than 13 years of age; 10 counts of aggravated indecent assault of a child less than 13 years of age; 2 counts of indecent assault -- complainant less than 13 years of age; and 1 count of unlawful contact with minor.[1] At appellant's preliminary hearing, the Commonwealth called Detective Heather Long as its sole witness. Detective Long testified that she investigated the allegations that appellant sexually abused children and

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3125(b), 3126(a)(7), and 6318(a)(1).

personally interviewed both victims. The magisterial district judge (MDJ) overruled defense counsel's hearsay objections to Detective Long's testimony regarding what the victims told her during their interviews.

As such, Detective Long testified that victim R.Y. disclosed that she was at her aunt's home when appellant, R.Y.'s grandfather, "tried to push my legs apart and rape me" and that "his private touched her private and he was humping, going up and down." (Notes of testimony, 11/17/15 at 10.) Detective Long further testified that the victim described the room in which the sexual assault occurred and that during a subsequent search of the home, law enforcement collected corroborating evidence and photographed the room. (*Id.* at 27.) Detective Long also testified that the second victim, C.B., appellant's niece, disclosed to her that when she was between 10 and 11 years old,[2] appellant "would touch her vaginal area with his fingers and insert them and ultimately insert his penis into her vagina" on "at least 10" occasions. (*Id.* 21-23.) On the basis of Detective Long's testimony, the MDJ found that the Commonwealth made out a *prima facie* case and held all 33 charges against appellant for court. (*Id.* at 36.)

The record further reflects that appellant was unable to post bail and, therefore, incarcerated on November 17, 2015. On April 5, 2016, appellant filed a petition for writ of *habeas corpus* alleging that his "confinement is unlawful and that the proceedings were in violation of due process of laws of

---

[2] The record reflects that C.B. is now 31 years old.

the Federal Constitution and in violation of the Pennsylvania Constitution" because the evidence "did not establish [a] *prima facie* case" and appellant is "not guilty." (Petition for writ of *habeas corpus*, 4/5/16 at unnumbered page 2, ¶ 5.)

The trial court conducted a hearing on appellant's petition for *habeas corpus* on May 23, 2016. At that hearing, the Commonwealth rested on the notes of testimony from appellant's preliminary hearing. The defense then sought to call appellant's former parole officer to testify that appellant was on parole at the time of certain alleged assaults on C.B. and that C.B. failed to report those assaults to the parole officer. The trial court sustained the Commonwealth's objection to the testimony because that testimony challenged C.B.'s credibility and credibility is not an issue at a *habeas corpus* proceeding. (Notes of testimony, 5/23/16 at 4-7.) The defense then sought to call Detective Long to establish that she has no personal knowledge of the investigation other than through hearsay testimony. The trial court sustained the Commonwealth's objection to that testimony as well because it challenged Detective Long's credibility. (*Id.* at 8, 13.)

By order dated May 24, 2016, but docketed on May 26, 2016, the trial court denied appellant's petition for *habeas corpus*. On June 24, 2016, appellant filed a notice of appeal to this court. The trial court then ordered appellant to file a concise statement of errors complained of on appeal

pursuant to Pa.R.A.P. 1925(b) within 21 days. Appellant timely complied. The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review, which we have re-ordered for ease of discussion:

> [1.] Whether the instant appeal is a timely and permissible interlocutory appeal pursuant to Pa.R.A.P. 313[?]
>
> [2.] Whether Rule 542(D) of the Pennsylvania Rules of Criminal Procedure permits the Commonwealth to prove **every** element of the offense through the use of hearsay testimony[?]
>
> [3.] Whether Rule 542(D) of the Pennsylvania Rules of Criminal Procedure is unconstitutional insofar as it violates a defendant's right to confront the witnesses against him as guaranteed by the Sixth Amendment to the United States Constitution and Article I § 9 of the Pennsylvania Constitution[?]
>
> [4.] Whether the trial court committed an error of law and/or abused its discretion in denying [appellant's] petition for writ of ***habeas corpus*** where the Commonwealth's proof at the ***habeas*** hearing was limited to a transcript of the preliminary hearing which itself was supported only by hearsay evidence, thereby rendering the evidence presented at the ***habeas*** hearing double-hearsay[?]
>
> [5.] Whether the trial court committed an error of law and/or abused its discretion in precluding the defense from presenting any witnesses at the ***habeas corpus*** hearing[?]

Appellant's brief at 5 (capitalization omitted; emphasis in original).

We must first determine whether we have jurisdiction over this interlocutory appeal. In so doing, we note that on August 9, 2016, this court ordered appellant to show cause as to why this appeal should not be quashed as interlocutory.[3] Appellant averred that "the appeal should not be quashed as interlocutory insofar as exceptional circumstances [apply], nearly identical to the circumstances in **Commonwealth v. Ricker**, 120 A.3d 349 (Pa.Super. 2014)," **appeal granted**, 135 A.3d 175 (Pa. 2016).[4]

---

[3] The show-cause order also directed appellant to show cause as to why this appeal should not be quashed as untimely filed on June 24, 2016. In his timely response to the show-cause order, appellant averred that although the trial court dated its order denying his **habeas** petition May 24, 2016, its date of entry on the docket was May 26, 2016, and therefore, his June 24, 2016 notice of appeal was timely filed. **See Commonwealth v. Green**, 862 A.2d 613, 615 n.5 (Pa.Super. 2004) ("The use of the term 'date of entry of an order' has been interpreted to mean the date of docketing of the order."); **see also** Pa.R.A.P. 108 ("[T]he day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties, or if such delivery is not otherwise required by law, the day the clerk or office of the government unit makes such copies public."). Our review of the record reveals that the date of entry on the docket of the order denying appellant's petition for **habeas corpus** was May 26, 2016. Therefore, appellant timely filed his notice of appeal to this court.

[4] Our supreme court granted the petition for allowance of appeal as to the issue of:

> [w]hether the Pennsylvania Superior Court wrongly held, in a published opinion of first impression, that a defendant does not have a state or federal constitutional right to confront the witness against him at a preliminary hearing and that a **prima facie** case may be proven by the Commonwealth through hearsay evidence alone, which is what the trial and magisterial district courts concluded in Petitioner's case?

**Ricker**, 135 A.3d 175.

(Appellant's response to the rule to show cause why the appeal should not be quashed as untimely and interlocutory, 8/19/16 at unnumbered page 2, ¶ 5.) Appellant then averred that,

> [i]nsofar as the instant appeal raises identical issues as those raised in **Ricker** and currently under review by our Supreme Court, but actually amplifies them by adding incarceration at a state correctional facility and the use of double hearsay to support a **prima facie** case at a **habeas corpus** hearing, it is evident that exceptional circumstances exist herein to permit this Honorable Court to exercise jurisdiction over [appellant's claims.]

**Id.** at unnumbered page 3, ¶ 5. Following appellant's filing of his response to the rule to show cause order, this court entered an order informing the parties to this appeal that the issue regarding the appealability of the order denying **habeas** relief would be referred to the merits panel. We, therefore, address the appealability issue.

Generally, an order denying a pretrial writ of **habeas corpus** alleging insufficient evidence is not an appealable order. **Ricker**, 120 A.3d at 353. In **Ricker**, this court determined that exceptional circumstances existed to warrant review of that interlocutory appeal of an order denying **habeas** relief because "it present[ed] an important constitutional question regarding whether a powerful state government entity violates federal and state constitutional principles in allowing a defendant to be restrained of his liberty and bound over for trial based solely on hearsay evidence." **Id.** at 354.

> We previously outlined the collateral order doctrine as follows:

> Our High Court has delineated three requirements that must be satisfied in order for the doctrine to apply. The order must be "separable from and collateral to the main cause of action;" it must involve a right that "is too important to be denied review;" and, "if review is postponed until final judgment, the claim will be irreparably lost." ***Vaccone v. Syken***, 587 Pa. 380, 899 A.2d 1103, 1106 (2006). The doctrine is to be narrowly interpreted as it is an exception to the rule of finality. ***Id.***; ***see also Rae v. Pennsylvania Funeral Directors Association***, 602 Pa. 65, 977 A.2d 1121, 1126 (2009).

***In re Reglan/Metoclopramide Litigation***, 2013 PA Super 214, 81 A.3d 80, 86 (Pa.Super. 2013). Hence, the three essential elements of a collateral order are "separability, importance and irreparable loss." ***Geniviva v. Frisk***, 555 Pa. 589, 725 A.2d 1209, 1211 (Pa. 1999).

Our Supreme Court codified the elements of a collateral order into Pa.R.A.P. 313. That rule provides as follows:

**(a)** **General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or a lower court.

**(b)** **Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

***Rehrer v. Youst***, 91 A.3d 183, 187-188 (Pa.Super. 2014).

Here, in his brief, appellant contends that exceptional circumstances exist based on a violation of his constitutional right to confront witnesses against him at his preliminary hearing because Detective Long's hearsay testimony regarding the statements the victims made in their interviews deprived him of the right to confront the victims. (Appellant's brief at 13.) Appellant later "acknowledges that this Court held in ***Ricker*** that Pa.R.Crim.P 542[, which provides, among other things, that 'hearsay evidence shall be sufficient to establish any element of an offense' at a preliminary hearing] does not violate a defendant's right to confront the witnesses against him, but respectfully requests that this court re-examine that holding." (***Id.*** at 18.) We decline to do so. Until our supreme court overrules our decision in ***Ricker***, it is the law of this Commonwealth. ***See Commonwealth v. Forbes***, 867 A.2d 1268, 1279 (Pa.Super. 2005) (reiterating that "[i]t is well settled . . . that until the Supreme Court overrules a decision of this Court, our decision is the law of this Commonwealth" (citation omitted)).

Moreover, we note that even though appellant acknowledges that he seeks collateral review with respect to an issue that has been resolved by ***Ricker***, he still attempts to convince this court that the issue is too important to be denied review because he "remains incarcerated and under the specter of accusations that he sexually abused his grandchild and niece

without having had the opportunity to cross-examine **any** witness with purported first-hand knowledge of the alleged crime." (Appellant's brief at 13; emphasis in original.) In determining whether the right involved is too important to be denied review, however, the issue "must involve rights deeply rooted in public policy," and "[go] beyond the specific litigation before the court." ***Ben v. Schwartz***, 729 A.2d 547, 552 (Pa. 1999). Stated differently, it is not sufficient that the issue is important to a particular party. ***Id.*** Therefore, even though appellant's incarceration and the accusations made against appellant are important to him, that falls far short of involving a right deeply rooted in public policy.

Finally, with respect to the remainder of appellant's issues concerning his claim that the ***habeas*** proceeding violated his constitutional right to confront witnesses against him and his claim that the trial court abused its discretion in precluding him from presenting two witnesses at that proceeding, appellant has failed to present any argument as to why those issues satisfy the collateral order rule's three-pronged test over which he asks us to assert jurisdiction. Therefore, we are without jurisdiction to do so. ***See Rae***, 977 A.2d at 1130 (holding that "the collateral order rule's three-pronged test must be applied independently to each distinct legal issue over which an appellate court is asked to assert jurisdiction pursuant to Rule 313").

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017