J-A07044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE ESTATE OF: THERESA M. RUBERT | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: BOARD OF TRUSTEES OF THE WILLIAM E. AND THERESA M. RUBERT MEMORIAL TRUST | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 550 EDA 2018 |

Appeal from the Order January 17, 2018
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s):  No. 1988-X1158

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 04, 2019**

The Board of Trustees ("Trustees") of the William E. and Theresa M. Rubert Memorial Trust ("The Trust"), appeals the order entered by the Court of Common Pleas of Montgomery County appointing a guardian *ad litem* to represent particular interests in this instant case.  After careful review, we quash this appeal as interlocutory.

Theresa M. Rubert passed away on March 30, 1988.  Her will*, inter alia*, established the Trust, which was funded by the residue of her estate.  The Trust provides in pertinent part:

> The said Trustees shall use or apply the net income from the Trust for the following purposes:
>
> (1) By loans and/or advances to students enrolled and actively pursuing on a full time basis, studies at the Hahnemann University Nursing and Educational Department leading to such a degree

_____

\*   Former Justice specially assigned to the Superior Court.

and/or certificate in the field of Nursing as the said department shall establish.

Said loans and/or advances shall be made or granted on such terms and conditions as the Trustees shall from time to time establish to assist needy students in the pursuit of said education.

(2) The Trustees shall establish such lectures and/or symposiums in the field of Human Nursing and/or Human Medicine to the appropriate public or such segments thereof as the Trustees shall from time to time select to present to the public the information concerning new and novel advances in the fields of Nursing and Medicine.

*See* William E. and Theresa M. Rubert Memorial Trust, at 1.

The Trustees have been responsible for the administration of the Trust since Theresa's death. In 1993, Hahnemann Medical College was acquired by Allegheny Health, Education, and Research Foundation ("Allegheny"). The parties agree that as a result of this acquisition, the Hahnemann University Nursing and Educational Department ceased to exist.

After Allegheny filed for bankruptcy in 1998, Drexel University (hereinafter "Drexel") acquired Hahnemann's educational programs, and Tenet Health Systems acquired Hahnemann's clinical facilities. Nevertheless, Drexel contracted with Tenet Health Systems to continue to use the former Hahnemann facilities. Thereafter, the Trustees continued to fund scholarships to students at the nursing program operated by Drexel University's College of Nursing and Health Professionals.

On March 17, 2017, the Trustees filed a "Petition to Clarify/Amend Terms of Trust to Permit Greater Number of Applicants to Participate in Scholarships" (hereinafter "Petition") in the Orphans' Court of Montgomery

County, asserting that the Trust's purpose had become impracticable given that (1) Hahnemann University, as the original named institution, no longer exists, and (2) the funds entrusted to the Board of Trustees have significantly increased.[1] Specifically, the Trustees sought to amend the Trust to allow for scholarships to nursing students enrolled in schools in the Greater Delaware Valley (defined as schools within a fifty-mile radius of Philadelphia, including schools in New Jersey and Delaware).

On April 25, 2017, the Office of the Attorney General of Pennsylvania filed an Answer to the Petition, asking the Orphans' Court to deny the Petition. On June 30, 2017, Drexel University filed an Answer, although it had not been served with the Petition, claiming that it had become the successor institution to the Hahnemann University Nursing and Educational Department named in the Trust. On July 10, 2017, the Trustees filed a Petition to Strike Drexel's Answer, asserting that Drexel had no standing in this matter as it is not a named beneficiary in the Trust.

On October 19, 2017, Drexel withdrew its Answer and filed a petition for the appointment of a guardian *ad litem* to represent the interests of its nursing

---

[1] Upon its creation, a percentage of the Trust had been devoted to pay annuities for three named beneficiaries. As these beneficiaries have since passed away, the payment of the annuities has ceased and those funds are now part of the Memorial Trust used to fund the scholarships for nursing students. In addition, the Trustees also asserted that the "increase in value of the trust corpus has resulted directly from sound financial management and attention to their duties by the trustees and their agents, servants, and employees." Petition, at 3.

students in this matter.[2]  On December 8, 2017, the Trustees filed an Answer, arguing, *inter alia*, that the Trust funds would be misused if the Trust was required to pay for a guardian *ad* litem, again asserting that Drexel nursing students do not have a cognizable legal interest in the Trust.

On January 17, 2018, the Orphans' Court entered an order appointing Adam G. Silverstein, Esquire, pursuant to 20 Pa.C.S.A. § 751,[3] as "Guardian *Ad Litem* representing the interests of future nursing students at the Drexel University College of Nursing and Health Professions who may be potential candidates/beneficiaries of the Rubert Memorial Trust."  Order, 1/17/18, at 1. Further, the order stated that "[s]ubject to the final order of [the lower court], the guardian *ad litem* shall be compensated for his services from the principal of the Rubert Memorial Trust."  Order, 1/17/18, at 1.

On February 14, 2018, the Trustees filed a timely notice of appeal.  On February 15, 2018, the Orphans' Court entered an order directing the Trustees to file a Concise Statement of Errors Complained of on Appeal pursuant to

_____

[2] In the petition for appointment of a guardian *ad litem*, Drexel expressed its belief that the Attorney General's Office would not advocate to protect the interests of Drexel's nursing students in this matter.  Drexel cited **In re Estate of Feinstein**, 527 A.2d 1034 (Pa.Super. 1987) in asserting that the Attorney General does not represent the interests of individual beneficiaries, but rather the interests of the public at large "to whom the social and economic benefits of charitable trusts accrue."  **Id**. at 1036, n.3.

[3] Section 751 provides that the Orphans' Court division may appoint "a guardian or a trustee *ad litem* to represent the interest, not already represented by a fiduciary, of: (i) a person not sui juris; or (ii) an absentee; or (iii) a presumed decedent; or (iv) **an unborn or unascertained person**." 20 Pa.C.S.A. § 751 (emphasis added).

Pa.R.A.P. 1925(b) within twenty-one (21) days of its order. The order stated that "failure to timely file and serve said Statement shall be deemed a waiver of all claimed errors." Order, 2/15/18, at 1. The Trustees' Concise Statement was not docketed until March 14, 2018.

On March 23, 2018, this Court entered an order to show cause as to why this appeal should not be quashed. On April 2, 2018, the Trustees filed a response to the order to show cause, arguing that the January 17, 2018 order was appealable as a collateral order under Pa.R.A.P. 313.

On October 24, 2018, Attorney Silverstein, the appointed guardian *ad litem*, filed a motion to quash the appeal, arguing that (1) the issue on appeal does not satisfy the collateral order doctrine and (2) all of the Trustees' issues should be deemed waived by its untimely filing of its Rule 1925(b) statement.

On October 29, 2018, the Trustees filed a response, again asserting that the appeal was proper from a collateral order. In addition, the Trustees asserted that they filed and served its Concise Statement in a timely manner, but noted that the document was not immediately docketed as it was not accompanied by the required $13.00 fee. The Trustees ask this Court to overlook the untimely filing of the Concise Statement, asserting that a breakdown in court processes occurred, as the lower court's bill of costs did not list a charge for the filing of a Concise Statement, and the clerk did not immediately notify the Trustees that the missing fee would result in the delayed docketing of its Concise Statement.

As an initial matter, it is necessary to determine whether this appeal is properly before this Court. "[S]ince we lack jurisdiction over an unappealable order, it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." **Kulp v. Hrivnak**, 765 A.2d 796, 798 (Pa.Super. 2000) (citation omitted).

It is well-established that an appeal may properly lie from "(1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 42 Pa.C.S. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." **In re Estate of McAleer**, 194 A.3d 587, 592 (Pa.Super. 2018). This Court has held that an order appointing a guardian *ad litem* in civil litigation is not a final order or an interlocutory order appealable by right or permission. **Rehrer v. Youst**, 91 A.3d 183, 187 (Pa.Super. 2014).

In addition, we note that Pa.R.A.P. 342 provides for appeals as of right from certain orders of the Orphans' Court Division.[4] Specifically, Rule 342 states "[a]n appeal may be taken as of right from … [a]n order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship." Pa.R.A.P. 342(a)(5). We do not find the lower court's order appointing a guardian *ad litem* to be appealable under this rule as the Orphans' Court did not definitively determine the status of unascertained Drexel nursing students who may receive a scholarship from the Trust in the future.

---

[4] Neither party attempted to analyze whether this appeal was proper under Rule 342.

As a result, we must determine whether the lower court's order constitutes an appealable collateral order. This Court previously outlined the collateral order doctrine as follows:

> Our High Court has delineated three requirements that must be satisfied in order for the doctrine to apply. The order must be "separable from and collateral to the main cause of action;" it must involve a right that "is too important to be denied review;" and, "if review is postponed until final judgment, the claim will be irreparably lost." ***Vaccone v. Syken***, 587 Pa. 380, 899 A.2d 1103, 1106 (2006). The doctrine is to be narrowly interpreted as it is an exception to the rule of finality. ***Id.; see also Rae v. Pennsylvania Funeral Directors Association***, 602 Pa. 65, 977 A.2d 1121, 1126 (2009).

> ***In re Reglan/Metoclopramide Litigation***, 81 A.3d 80, 86 (Pa.Super. 2013). Hence, the three essential elements of a collateral order are "separability, importance and irreparable loss." ***Geniviva v. Frisk***, 555 Pa. 589, 725 A.2d 1209, 1211 (1999).

> Our Supreme Court codified the elements of a collateral order into Pa.R.A.P. 313. That rule provides as follows:

> > **(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or a lower court.

> > **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

> Pa.R.A.P. 313.

***Rehrer***, 91 A.3d at 187–88. In construing the collateral doctrine narrowly, "we endeavor to avoid piecemeal determinations and the consequent

- 7 -

protraction of litigation." *Commonwealth v. Sabula*, 46 A.3d 1287, 1291 (Pa.Super.2012) (quoting *Rae*, 977 A.2d at 1130). As a "specialized, practical application of the general rule that only final orders are appealable as of right," the collateral order doctrine must be interpreted narrowly "to prevent undue corrosion of the final order rule." *Melvin v. Doe*, 575 Pa. 264, 272, 836 A.2d 42, 46–47 (2003) (citation omitted). "To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." *Id.*

The Trustees rely on *Rehrer*, in which this Court concluded that a lower court's order appointing a guardian *ad litem* to a disabled minor against the wishes of the child's mother was an appealable collateral order. This Court found that the mother's right to appeal the appointment of the guardian *ad litem*, who would have authority to settle the legal matter, was too important to be denied review, as parents have a fundamental constitutional right to make decisions concerning their child. *See id*. (citing *Hiller v. Fausey*, 588 Pa. 342, 904 A.2d 875 (2006) (acknowledging due process clause of U.S. Constitution accords protection to parent's fundamental right to make decisions concerning care, custody, and control child)).

Moreover, the *Rehrer* court found that if the mother's "challenge to the appointment of the guardian *ad litem* was postponed until final judgment [was] entered in the civil litigation, her settlement authority and her fundamental right to make decisions on her minor daughter's behalf would be irreparably lost." *Rehrer*, 91 A.3d at 188.

In this case, the Trustees contend that the Orphans' Court's order violates due process as it directed that the guardian *ad litem* be paid from the principal of the Trust without first holding a hearing to allow the Trustees an opportunity to be heard. However, unlike the facts of **Rehrer**, we do not find this appeal raises an issue too important to deny review. The mere appointment of the guardian *ad litem* in this case did not deprive the Trust of any rights. The guardian *ad litem* will be required to petition the lower court prior to and for an award, at which time the Trustees will be given an opportunity to be heard.[5]

In addition, the Trustees have not shown that their claim will be irreparably lost if review is postponed until final judgment. The Trustees may challenge the lower court's decision to require the Trust to pay counsel fees for the guardian *ad litem* once a final order is entered. **See Brawley Distributing Co., Inc. v. Heartland Properties**, 712 A.2d 331, 332 (Pa.Super. 1998) (order granting counsel fees based on a frivolous pre-trial filing was interlocutory and unappealable); **West v. Andersen,** 626 A.2d 606 (Pa.Super. 1993) (order awarding counsel fees after plaintiff's counsel refused to allow deposition of plaintiff was not final appealable order in medical malpractice action); **Fox v. Gabler,** 547 A.2d 399 (Pa.Super. 1988) (finding

---

[5] This Court directs that at the time the guardian *ad litem* petitions for his fee, Trustees shall have the opportunity to be heard, raising such issues as may be appropriate, including a challenge to the Orphans' Court's authority to order the fee be paid from Trust principal or whether such fee should be paid by Drexel, a non-party institution that inserted itself into this litigation to advocate for the interests of its nursing students.

order of contempt requiring the posting of a $10,000 bond in an accounting action is not appealable as a collateral order).

As a result, as the order appealed does not constitute a collateral order pursuant to Pa.R.A.P. 313, we lack jurisdiction to review the merits of the Trustees' claim at this stage of the case.[6]

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/19

---

[6] Even assuming *arguendo* that this appeal was proper under Rule 313, we note that the Trustees' sole issue on appeal would be waived by their failure to file a timely Rule 1925(b) statement. Our courts have recognized a bright-line rule that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised [on appeal]." ***In re Estate of Boyle***, 77 A.3d 674, 677 (Pa.Super. 2013). We note that the lower court satisfied its obligations under Rule 1925(b) by filing an order that specified the number of days in which the Trustees were required to file their statement, indicated that the statement must be filed of record and served on the lower court, and clarifying that any issue not included in a timely filed and served statement would be waived.

In addition, there is no support for the Trustees' claim that the bill of costs set by the Court of Common Pleas of Montgomery County failed to list a charge for the filing of a Concise Statement; this document clearly states that non-petition filings require a $13.00 fee. Moreover, the Trustees offer no authority for their claim that the clerk of courts was required to notify them in a certain period of time that their 1925(b) statement was not accompanied by the appropriate fee. It is the responsibility of counsel to comply with all filing requirements. Counsel cannot shift the burden of ensuring that his documents have been properly submitted with appropriate filing fees onto the court.