IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Charles Malloy and :
Deborah Rachel Malloy, :
                 Appellants :
  :
     v. : No. 1022 C.D. 2022
  :
G. Michael Green and :
Barry C. Dozor : Submitted: February 6, 2024

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                              FILED: April 9, 2024

Appellants Edward Charles Malloy and Deborah Rachel Malloy (collectively Appellants) appeal from the Court of Common Pleas of Delaware County's (Common Pleas) June 30, 2022 order, through which, in relevant part, Common Pleas denied Appellants' Petition to Disqualify Defense Counsel (Petition).[1] Upon review, we quash this appeal.

## I. Background

On February 14, 2022, Appellants filed an abuse of process action against Appellees G. Michael Green and Barry C. Dozor (collectively Appellees) in Common Pleas, followed by an Amended Complaint on March 28, 2022. Appellants confusingly allege that Appellees, who are both Common Pleas judges, have abused the legal process by responding in opposition to a motion filed by Appellants in a

---

[1] Via its June 30, 2022 order, Common Pleas also granted Appellees G. Michael Green and Barry C. Dozor's (Appellees) Motion for a Protective Order and Stay of Discovery; stated that all outstanding preliminary objections had been rendered moot on account of Appellants' filing of a Third Amended Complaint, and barred Appellants from filing any additional amended complaints in this matter without express leave of court to do so. Common Pleas Order, 6/30/22, at 1-2. Appellants did not appeal those portions of this order.

separate, but related lawsuit in Common Pleas. *See, e.g.*, Amended Compl., ¶¶8-36, 104-132. Through that motion, as well as the underlying lawsuit in that separate, but related matter, Appellants sought a court order that would compel Appellees to comply with Pennsylvania Rule of Judicial Administration 703's administrative case disposition reporting requirements. *Id.*, Ex. A (Appellees' response to Appellants' "Motion to Compel Compliance with Pa. R.J.A. NO. 703" (Response)); *see also* Pa. R.J.A. 703 (judges in this Commonwealth are required to submit biannual reports to the Administrative Office of Pennsylvania Courts' (AOPC) Court Administrator, in which they must list all matters which have been assigned to them and have remained undecided for 90 or more days).

On March 30, 2022, Appellants filed their Petition in Common Pleas. Through their Petition, Appellants requested that Common Pleas disqualify Nicole A. Feigenbaum, Esquire (Feigenbaum), from representing Appellees in this matter due to Feigenbaum's purported violation of the Pennsylvania Rules of Professional Conduct,[2] and to report her behavior to the Supreme Court and/or the Judicial Conduct Board.[3] According to Appellants, Feigenbaum committed those violations by filing preliminary objections to Appellants' original Complaint, in which she failed to admit that Appellees had violated Rule 703; provided no evidence that her clients had actually complied with this Rule; and challenged Appellants' standing to pursue their abuse of process action. Petition, ¶¶2-24. On June 30, 2022, Common Pleas denied Appellants' Petition, whereupon Appellants appealed that ruling to our Court.

---

[2] Pa. R.P.C. 1.0-8.5.

[3] Feigenbaum is an attorney with the AOPC, who not only represented Appellees in this matter at the Common Pleas level, but is also Appellees' attorney of record in this appeal. *See, e.g.*, Petition ¶¶2-4; Response at 5; Appellees' Br. at 8, 35.

## II. Discussion

Under normal circumstances, we would now consider the substantive merits of Appellants' arguments. However, we cannot do so in this instance because we lack jurisdiction over this matter. It is axiomatic that "[t]his court has jurisdiction to hear appeals from final orders, interlocutory appeals as of right and interlocutory appeals by permission." *Contact II, Inc. v. Pa. State Horse Racing Comm'n*, 664 A.2d 181, 183 (Pa. Cmwlth. 1995); Pa. R.A.P. 311; 312; 341(a); 1311. A final order is defined in pertinent part by the Pennsylvania Rules of Appellate Procedure as one that "disposes of all claims and of all parties" or one that disposes of fewer than all claims and parties, but which the relevant trial court or governmental body has expressly deemed final due to a determination "that an immediate appeal would facilitate resolution of the entire case." Pa. R.A.P. 341(b)(1), (b)(3). Additionally, a party may appeal a non-final order by right in the event that order is collateral in nature. Pa. R.A.P. 313(a). "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313(b). "As an exception to the rule of finality, the doctrine is to be interpreted narrowly, and 'each prong of the collateral order doctrine must be clearly present before an order may be considered collateral.'" *Vaccone v. Syken*, 899 A.2d 1103, 1106 (Pa. 2006) (*superseded on other grounds by* Pa. R.A.P. 1114(b)(7)) (quoting *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003)).

In this instance, the challenged order is clearly not final and is not one that is appealable by right on an interlocutory basis. *See* Pa. R.A.P. 311; 341(b)(1), (b)(3). We also note that Appellants did not seek leave to appeal this order on an

interlocutory basis by permission. *See* Pa. R.A.P. 1311. Thus, the only remaining possibility that would allow review at this juncture is if we conclude that this order was immediately appealable on a collateral basis. Pa. R.A.P. 313(b). We do not, for three reasons. First, the substance of Common Pleas' June 30, 2022 order is clearly inseparable from Appellants' cause of action; simply put, Appellants sought to have Feigenbaum disqualified because she chose to file preliminary objections to the Amended Complaint, instead of agreeing wholesale with all of the allegations Appellants had made therein against Appellees. Next, it is entirely unclear what right is present here that would be too important for us to deny immediate review of the challenged order; indeed, this kind of garden-variety disagreement regarding opposing counsel's legal tactics falls far short of being a valid basis for invoking the collateral order doctrine. Finally, Appellants will not suffer irreparable harm if we decline to consider this appeal, as this refusal will not deprive them of their ability to subsequently seek review of Common Pleas' disposition of their Petition once a final order has been issued in this matter.

### III. Conclusion

Accordingly, we quash this appeal for lack of jurisdiction.

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Charles Malloy and       :
Deborah Rachel Malloy,         :
            Appellants    :
                        :
        v.             :   No. 1022 C.D. 2022
                        :
G. Michael Green and        :
Barry C. Dozor             :

**PER CURIAM**

**O R D E R**

AND NOW, this 9th day of April, 2024, it is hereby ORDERED that this appeal is QUASHED.