J-S56011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
DERRICK EDWARDS   :
  :
Appellant   :   No. 3429 EDA 2018

Appeal from the Order Entered September 11, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002611-2013,
CP-51-CR-0002614-2013, CP-51-CR-0002617-2013,
CP-51-CR-0002815-2013, CP-51-CR-0002820-2013,
CP-51-CR-0002853-2013, CP-51-CR-0002862-2013,
CP-51-CR-0002864-2013

BEFORE: PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED JULY 29, 2020**

Derrick Edwards appeals from the order entered in the Philadelphia County Court of Common Pleas denying his motion to dismiss based on double jeopardy grounds. After careful review, we affirm.

In 2012, Edwards, along with two co-conspirators, drove around Philadelphia robbing victims at gunpoint. During one of the robberies, Edwards shot the victim twice. Edwards was charged with various crimes related to these events at eight separate docket numbers. The eight cases proceeded to a consolidated trial.

After a jury trial, Edwards was convicted of eight counts each of robbery, conspiracy to commit robbery, carrying firearms without a license, carrying

firearms on the public streets of Philadelphia, and possessing an instrument of crime, and one count each of attempted murder, aggravated assault, and conspiracy to commit aggravated assault. Edwards was sentenced to an aggregate term of twenty-two to forty-four years' incarceration.

In Edwards' direct appeal, involving all eight lower-court docket numbers, he raised a challenge pursuant to **Batson v. Kentucky**, 476 U.S. 79 (1986), based on the Commonwealth's use of its peremptory challenges to strike African-Americans from the jury. This Court concluded that Edwards demonstrated a **Batson** violation by showing the Commonwealth struck at least one juror with discriminatory intent. **See Commonwealth v. Edwards**, 177 A.3d 963 (Pa. Super. 2018). We therefore vacated Edwards' judgment of sentence and remanded the case for a new trial. **See id.** at 979.

Edwards filed a motion to dismiss arguing retrial was barred on double jeopardy grounds. The trial court entered a single order denying the motion as to all eight docket numbers. On September 27, 2018, Edwards filed an interlocutory appeal by filing eight notices of appeal at each docket number, each with a different time stamp, and each listing all eight trial court docket numbers.

In **Commonwealth v. Walker,** 185 A.3d 969 (Pa. 2018), our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Id**. at 971.

- 2 -

"The failure to do so requires the appellate court to quash the appeal." *Id*. at 976-977; *see also* Pa.R.A.P. 341, Official Note.

A divided three-judge panel of this Court then filed a published opinion in *Commonwealth v. Creese*, 216 A.3d 1142 (Pa. Super. 2019), construing *Walker* to mean that "we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case." *Creese*, 216 A.3d at 1144. Instead, the panel concluded "a notice of appeal may contain **only one** docket number." *Id.* (emphasis added). The panel quashed the appeal. Neither party filed a petition for allowance of appeal with the Supreme Court, rendering *Creese* a final disposition and setting precedent in this Court.

Our Court recently granted *en banc* review to decide whether *Walker* and Rule 341 dictate that only one number may appear on a notice of appeal. In an opinion filed in July 2020, this Court expressly overruled *Creese*'s determination that "a notice of appeal may contain only one docket number." *Commonwealth v. Johnson*, ____ A.3d.____ (Pa. Super. 2020) at *____. As a result, the fact that Edwards' notice of appeal contained more than one number is of no consequence.

We observed that Rule 341 and *Walker* make no mention of case numbers on a notice of appeal. *See id*. To be sure, the error in *Walker* was the filing of a *single* notice of appeal affecting multiple cases and several defendants. The bright-line rule set forth in *Walker* only required an appellant

to file a **_"separate"_** notice of appeal for each lower court docket the appellant was challenging.

Here, it appears Edwards filed a separate notice of appeal for each of the eight dockets below, because all eight notices have different time stamps. The fact that the notices contained all eight lower court numbers is of no consequence. Indeed, the Rules of Appellate Procedure are to be liberally construed to effectuate justice. Pa.R.A.P. 105(a); **_see also_** 1 Pa.C.S.A. § 1928(c). We should not invalidate an otherwise timely appeal based on the inclusion of multiple docket numbers, a practice that the Rules themselves do not expressly forbid. Therefore, we decline to quash this appeal and will review the merits of Edwards' claim.

Before we may address the merits, we must determine whether we have jurisdiction over this appeal. Instantly, Edwards claims jurisdiction properly lies in this Court pursuant to Pa.R.A.P. 311, relating to interlocutory appeals as of right. The only section of Rule 311 that may be relevant here provides in pertinent part:

> **(a) General rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:
>
> ....
>
> (6) _New trials._ An order in a civil action or proceeding awarding a new trial, or an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the lower court committed an error of law.

- 4 -

Pa.R.A.P. 311(a)(6). However, Edwards does not appeal the order granting a new trial, but rather an order denying his pretrial motion to dismiss a new trial on double jeopardy grounds. As no other section applies to the instant situation, Rule 311 is inapplicable here, and as a result, we cannot exercise jurisdiction on that basis.

Nevertheless, we may be able to exercise jurisdiction over this appeal to the extent the order denying Edward's pretrial motion to dismiss qualifies as a collateral order under Pa.R.A.P. 313, which provides in part:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b).

Our Supreme Court has specifically held that orders denying a defendant's motion to dismiss on double jeopardy grounds are appealable as collateral orders, *so long as the motion is not found to be frivolous*. **See Commonwealth v. Orie**, 22 A.3d 1021, 1024 (Pa. 2011); **see also Commonwealth v. Brady**, 508 A.2d 286, 291 (Pa. 1986); **see also** Rule 313, Comment (specifically citing an order denying a pretrial motion to dismiss on double jeopardy grounds as an example of a collateral order).

Further, in a recently filed *en banc* opinion, this Court reaffirmed the proposition that an order denying a double jeopardy motion, which makes no finding that the motion is frivolous, is a collateral order under Rule 313 and

- 5 -

immediately appealable. ***See Commonwealth v. Gross***, \_\_\_ A.3d.\_\_\_, 375

EDA 2016 (Pa. Super. 2020) at *9. Thus, this appeal is properly before us for

review.[1]

On appeal, Edwards contends a new trial is barred on double jeopardy

grounds.

> An appeal grounded in double jeopardy raises a question of constitutional law. This court's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is de novo[.] To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:
>
> Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The

---

[1] After the decision in ***Orie***, Pa.R.Crim.P. 587 was amended, effective July 4, 2013, to govern the procedure for addressing a double jeopardy motion to dismiss. It is clear from a review of the record that the trial court failed to comply with the terms of Rule 587 in denying Edwards' motion to dismiss on the basis of double jeopardy. The trial court erred in failing to enter a statement of findings of fact and conclusions of law on the record, in failing to enter a specific finding on the record as to frivolousness and in failing to advise Edwards of his appellate rights. ***See*** Pa.R.Crim.P. 587(B)(3)-(6). However, this Court has recently concluded that Rule 587 only governs the trial court's procedure, and does not govern or control appellate jurisdiction. ***See Gross***, at *32, n.1.

Accordingly, Edwards could have appealed on the basis that the trial court failed to follow the dictates of Rule 587. However, Edwards did not raise this issue on appeal and this procedural rule violation is not an issue which we may raise *sua sponte*. ***See Commonwealth v. Colavita***, 993 A.2d 874, 891 (Pa. 2010) (holding that, generally, "[w]here the parties fail to preserve an issue for appeal, the Superior Court may not address that issue *sua sponte*") (quotations and citations omitted); ***see also In re Estate of Tscherneff***, 203 A.3d 1020, 1027 (Pa. Super. 2019) (noting that there are only "a few discrete, limited non-jurisdictional issues that courts may raise *sua sponte*").

weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

**Commonwealth v. Graham**, 109 A.3d 733, 736 (Pa. Super. 2015) (citation omitted).

The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article 1, § 10 of the Pennsylvania Constitution prohibit retrial where prosecutorial misconduct during trial provokes a criminal defendant into moving for a mistrial. **See Oregon v. Kennedy**, 456 U.S. 667, 679 (1982); **see also Commonwealth v. Simons**, 522 A.2d 537, 540 (Pa. 1987). However, Article 1, § 10 of the Pennsylvania Constitution offers broader protection than its federal counterpart in that

the double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial.

**Commonwealth v. Smith**, 615 A.2d 321, 325 (Pa. 1992). Our Supreme Court has recently held that in addition to the behavior described in **Smith**, prosecutorial overreaching[2] sufficient to invoke double jeopardy protections

---

[2] Prior to **Kennedy**, the limiting principle was expressed in terms of prosecutorial overreaching – that is, misconduct intended to provoke a defense motion for a mistrial or actions otherwise taken in bad faith to harass or unfairly prejudice the defendant. **See Lee v. United States**, 432 U.S. 23, 34 (1977); **see also Commonwealth v. Starks**, 416 A.2d 498, 500 (Pa. 1980).

under Article 1, § 10 of the Pennsylvania Constitution includes reckless misconduct which deprives the defendant of a fair trial. **See Commonwealth v. Johnson**, ___ A.3d.___, 40 EAP 2018 (Pa., filed May 19, 2020) ("**Johnson (Pa.)**"). Therefore, the type of misconduct which qualifies as overreaching under our state constitution encompasses governmental errors that occur absent a specific intent to deny a defendant his constitutional rights. **See id**.

Edwards argues a retrial is barred on double jeopardy grounds because the Commonwealth's **Batson** violation served no other purpose than to

---

In **Kennedy**, the United States Supreme Court disapproved further use of the "overreaching" test, and instead held the Fifth Amendment immunizes the defendant from retrial only where the government's actions were "intended to 'goad' the defendant into moving for a mistrial." **Id**. at 675-676. In **Simons**, the Pennsylvania Supreme Court adopted the **Kennedy** rule, and found double jeopardy only attached to those mistrials which had been *intentionally* caused by prosecutorial misconduct. **Simons**, 522 A.2d at 540.

Subsequently, in **Smith**, our Supreme Court construed Pennsylvania's double-jeopardy provision as supplying broader protections than its federal counterpart, and returned to the pre-**Kennedy** "overreaching" test. **Smith** was grounded on the distinction between mere error and overreaching, as set forth in **Starks**. **See Smith**, 615 A.2d at 324. **Starks** conveyed that, whereas prosecutorial errors are an "inevitable part of the trial process," prosecutorial overreaching is not. **Starks**, 416 A.2d at 500.

Our Supreme Court has concluded that although it departed from the Fifth Amendment in the wake of the **Kennedy** decision, it never disavowed the "overreaching" prerequisite, which is firmly entrenched in case precedent both pre- and post-**Kennedy**. **See Commonwealth v. Johnson**, ___ A.3d ___, 40 EAP 2018, (Pa., filed May 19, 2020).

deprive him of a fair trial and subvert the truth determining process. **See** Appellant's Brief, at 7. Edwards acknowledges that we are bound by our precedent in **Commonwealth v. Basemore**, 875 A.2d 350 (Pa. Super. 2005), in which we held that a **Batson** violation does not *per se* bar retrial on double jeopardy grounds, but requests that we revisit the dissent in **Basemore** in order to reconsider our previous holding.

We note that the Supreme Court of Pennsylvania has held that a prosecutor's reckless disregard of the constitutional rights of the defendant can raise double jeopardy concerns under the Pennsylvania Constitution. **See Johnson (Pa.)**. Therefore, at least some of the reasoning employed in **Basemore** is no longer valid. **See Basemore**, 875 A.2d at 356.

However, the Pennsylvania Supreme Court has not addressed the overarching holding from **Basemore**, that "nowhere in the approximately twenty years of **Batson** jurisprudence has there been any suggestion that a **Batson** violation so subverts the truth seeking process as to implicate double jeopardy concerns." **Basemore**, 875 A.2d at 357. As this reasoning remains valid we are bound by it. We conclude that Edwards is not entitled to relief in this case.

Order affirmed. Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge Nichols concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *7/29/2020*